## Calor Oil & Gas Co. v. W. B. Wither's Admr, et al.
## Calor Oil & Gas Co. v. Kentucky Heating Co.

(Decided January 10, 1911.)

### Appeals from Meade Circuit Court.

Oil and Gas—Condemnation of Land for.—Section 3766b of the Kentucky Statutes authorizing the condemnation of land for the purpose of conveying oil or gas, and constructing, maintaining and operating necessary pipe lines, machinery and appliances used in connection therewith, is constitutional.

EDWARD P. HUMPHREY, L. A. FAUREST and HUMPHREY & HUMPHREY for appellants.

O'DOHERTY & YONTS for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing on the original appeal and affirming on the cross appeal.

These two appeals involving substantially the same question may be disposed of in one opinion. Each case was a proceeding by the Calor Oil & Gas Company to condemn a right of way for a pipe line to be used in piping gas from the gas fields of Meade county to Louisville, Kentucky.

In the Withers case the strip of land condemned is 27 feet wide and 434 feet long, and lies entirely within the right of way of the Louisville, Henderson & St. Louis Railway Company. It is recited in the judgment that:

"The pipe line is to be laid on said land within a space of 4 feet wide * * * the remainder of the strip of ground 27 feet wide and 434 feet long is not to be used for the actual location of said pipe line, but is to be used only in the construction, maintenance and repairs of said pipe line, for ingress and egress to examine, maintain, repair and operate said pipe line."

The commissioners appointed to assess the damages fixed it at $6.51. On an appeal from the finding of the commissioners to the county court, and thence to the circuit court, the damages in the latter court were assessed at $750, and the principal complaint of appellee is that the damages allowed are excessive.

In the Kentucky Heating Company case the strip of land condenmed is 27 feet wide and 233 feet long, and lies entirely within the right of way of the Louisville, Henderson & St. Louis Railway Company. The judgment recites that:

"The pipe line is to be laid on said land within a space of 4 feet wide, lying 2 feet on each side of the line, * * * the remainder of said strip of ground 27 feet wide and 233 feet long is not to be used for the actual location of said pipe line, but is to be used only in the construction, maintenance, repair of said pipe line, and for ingress and egress to examine, repair, maintain and operate said pipe line, and no part of said strip of land that is now occupied by the building of the Kentucky Heating Company shall be in any way used by said Calor

Gas & Oil Company, nor shall said Calor Gas & Oil Company injure or interfere with any pipe or pipes the Kentucky Heating Company now has on said land."

The commissioners appointed to award damages allowed the Kentucky Heating Company $3.50, but on appeal to the county court, and thence to the circuit court damages in the circuit court were assessed at $500. The only ground of reversal relied on is that the damages are excessive.

The questions presented in each of these cases were fully considered in the cases of Calor Gas & Oil Company v. Franzell, 128 Ky., 715, and in Calor Gas & Oil Company v. Franzell, 122 S. W., 188, which was the second appeal of the case. In the last mentioned opinion in the Franzell case, it is said:

"The strip of ground sought to be condemned in this case is about an acre of land. It is a part of the right of way of the Louisville, Henderson & St. Louis Railway, which runs through the Franzell farm. The railroad owns a perpetual and exclusive right of way through the farm, and the strip of ground in question is within this easement, and is 1450 feet long by 27 feet wide. In this strip a pipe line 10 inches in diameter is to be buried. The jury awarded the owner of the land $700 as damages. The commissioners appointed to assess the damages, in their report, fixed it at $21.75. Franzell himself testified that his land was worth $40 an acre. The additional servitude placed upon one acre of the right of way of the railroad cannot be worth as much as an acre of the land with no easement upon it; and yet the jury awarded the owner $700 for an additional servitude on one acre, when the owner would have sold it at $40 without any easement at all upon it. The amount assessed is flagrantly excessive, and the judgment will have to be reversed for this reason."

In the cases at bar, the land was condemned for exactly the same purposes as the land condemned in the Franzell case. The only difference between the Franzell case and these cases is that in the Franzell case the quantity of land condemned was much more than the quantity condemned in either of these cases. Adopting as correct the reasoning and conclusion of the court in both the Franzell opinions, it is manifest that the dam-

ages allowed in each of these cases is flagrantly excessive.

In each of these cases the appellee has prosecuted a cross appeal, insisting that section 3766b of the Kentucky Statutes under which these condemnation proceedings were had is unconstitutional and void because in conflict with the Constitution of this State and of the United States, in that it authorizes the taking of private property for other than public use; and this being so, the taking of the property of Withers and the Kentucky Heating Company under it was without due process of law and in violation of the rights guaranteed to each of these parties by the Fourteenth Amendment to the Constitution of the United States. It is further contended in support of each of the cross appeals that the measure of damages fixed by the court's instructions in each case authorized the taking of the property of the appellees without due compensation or due process of law, and that the action and ruling of the lower court in the trial of each of the cases in excluding from the jury evidence tending to show the value and availability of the strip of land to be condemned for pipe line purposes was violative of the rights assured to the defendants and each of them by the Fourteenth Amendment to the Constitution of the United States, and authorized the taking of their property without the full value of compensation assured to them by law. These questions were considered and settled adversely to the contention of counsel for the appellees in the Franzell cases supra. It is, therefore, not necessary that we should extend this opinion in discussing them. It is sufficient to say that the section of the statute assailed is not invalid, and that the rule laid down for estimating the measure of damages does not deprive the appellees or either of them of their property without due process of law, or without allowing them due compensation; nor does it violate the rights guaranteed to them or either of them by the Fourteenth Amendment to the Constitution of the United States.

Wherefore, the judgment in each case is reversed upon the original appeal, and affirmed upon the cross appeal.