CASE 62—PETITION ORDINARY—SEPTEMBER 20.

# Royal Insurance Co. v. Schwing, Surviving Partner.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. PLEADING.—It is not essential to a recovery for the breach of a contract that the plaintiff must first establish the breach and in addition show that nothing has transpired since the execution of the contract that would excuse the defendant from complying with its stipulations. Such matters properly come from the defendant and not from the plaintiff.

2. THE BURDEN OF PROOF in the whole action lies on the party who would be defeated if no evidence were given on either side.

In this action upon a policy of fire insurance the defendant admitted the insurance, the destruction of the building and its contents by fire, and the amount of loss sustained by plaintiff, but alleged that the building fell before the fire originated, and that thereupon the insurance ceased, the policy providing that "if the building or any part thereof falls, except as a result of fire, all insurance under this policy on it or its contents shall immediately cease and determine." *Held*—That the burden of proof was on the defendant, and that it was, therefore, entitled to the concluding argument to the jury.

3. THE DENIAL OF THE CONCLUDING ARGUMENT to the party on whom is the burden of proof is an error prejudicial to his substantial rights, and, therefore, reversible, where the testimony is so conflicting as that a verdict by a jury properly instructed must control the final decision of the case.

HARGIS & EASTIN, R. W. WOOLLEY AND D. W. SANDERS FOR APPELLANT.

WM. LINDSAY, GOODLOE & ROBERTS and ABBOTT & RUT-
LEDGE for appellee.

Record and briefs not accessible.

JUDGE PRYOR delivered the opinion of the court.

This action was instituted by the appellee, Schwing,
as surviving partner of the firm of J. Balmforth & Co.,
against the Royal Insurance Company, to recover on
a policy of insurance for the loss of certain produce
and goods that were destroyed by fire on the eighth
of January, 1886, in a building in the city of Louis-
ville, on Main, between Eighth and Ninth streets, at
the time occupied by the firm.

The appellant had issued its policy for five thou-
sand dollars upon the produce and goods owned or
held by the firm of Balmforth & Co. for the benefit
of others, and much additional insurance had been
taken in other companies by parties interested, the
entire loss exceeding one hundred thousand dollars.

On the trial in the court below a verdict and judg-
ment were rendered against the appellant for the
amount of the insurance ($5,000), from which the
company appeals.

The grounds relied on for a reversal in this court,
are:

First. The verdict was flagrantly against the testi-
mony.

Second. The court erred in placing the burden of
proof on the appellee, and in giving the latter the
right to conclude the argument to the jury.

As to the first ground for a reversal, it is only nec-
essary to say that, after considering the testimony

upon the issue made by the pleadings, it was proper the case should have gone to the jury.

The testimony was conflicting, and in such a state of case it is the province of the jury and not the trial judge to determine the issue of fact.

The remaining ground for a reversal is one of more difficulty.

The allegations contained in the petition on the policy are such as present a cause of action against the company, and the original answer, by traversing the statements of the petition, left the burden of proof with the plaintiff (the appellee). During the progress of the trial, and before the case went to the jury, or any evidence was offered, the defendant amended its answer and claimed the burden of proof, as well as the right to conclude the argument. The motion to that effect was overruled and exceptions reserved.

The fourth clause of the policy of insurance provides: "If the building or any part thereof falls, except as a result of fire, all insurance under this policy on it or its contents shall immediately cease and determine."

The appellant by the amended answer admits the insurance, the destruction by fire of the goods and produce insured in the building, and *the amount of loss sustained by the appellee;* but pleads that the building had fallen and was a wreck before the contents caught on fire, or, in other words, that the building fell before the fire originated—the fall of the building causing the fire, and not the fire the fall of the building—and, therefore, claims that, under the provisions of the fourth clause of the policy, the fall of

the building not resulting from fire, *the liability of the company at once ended.*

If it was necessary to allege in the petition that the fall of the building was not the cause of the fire, or to aver that the fire caused the fall, then the petition in the case is clearly defective, because there is an absence of any such averment, and if proper to make such an averment, it was incumbent on the plaintiff to prove not only that the building and its contents was destroyed by fire, but also to show that the fire caused the fall. The defendant, however, if the petition was defective, cured the defect by pleading the fact that the fire resulted from the fall of the building; still this did not place the burden on the company, if the plaintiff was required to aver and prove the non-existence of a state of fact that would exonerate the company from liability when developed. In other words, the plaintiff or policy-holder in such a case would be required to prove the destruction by fire of his property insured, the extent of the loss sustained, and then show, in addition, the non-existence of any of the causes mentioned in the policy for defeating the recovery. The fourth clause of the policy merely provides a state of case by which the company is exonerated from all liability on a contract executed and conceded to be valid and binding on all the parties, and to compel the plaintiff to plead that no cause for avoiding the contract exists, is requiring it to make an issue that should be tendered by the defense. "What comes by way of proviso in a statute," says Lord Mansfield, "must be insisted on for the purposes of defense," but where exceptions are in the

enacting part of the law, the rule is different. Where a statute provides that no one shall retail spirituous liquors except for sacramental or other purposes mentioned, it is well-settled that the statements of the indictment must negative the fact that the liquor was sold for those purposes. (Sedgwick on Statutory and Con. Law, page 50.)

The fourth section provides one of the causes only for which the policy is made to terminate. The life of A is insured, with a separate and distinct clause in the policy that it is to become null and void, or to terminate, in the event he should travel outside of his native State. In such a case it would be unnecessary to aver the non-existence of a fact that, if true, would render the policy void. Such provisions are not conditions precedent, or such exceptions to the enforcement of the contract as would require the plaintiff to negative their existence. The matter pleaded in this case, if established, avoids the obligation of the company to pay the loss. That which avoids a contract otherwise valid must, as a general rule, be relied on by the defense, and it is not essential to a recovery that the plaintiff must first establish the breach of the covenant, and in addition show that nothing has transpired since the execution of the contract that would excuse the defendant from complying with its stipulations. Such matters come from the defendant and not from the plaintiff.

When the defendant below admitted that it insured the plaintiff's goods in the building mentioned, that the building and the goods were destroyed by fire, and the loss amounted to five thousand dollars, he admitted

all that the plaintiff was required to prove in order to sustain his cause of action, and the statement by the company that the policy had ended before the goods were burned, by reason of the fall of the building, and its taking fire after the fall, was affirmative matter pleaded by way of defense, and the burden was on the company to make good its answer. Section 525 of the Civil Code provides: "The party holding the affirmative of an issue must produce the evidence to prove it." Section 926 provides: "The burden of proof in the whole action lies on the party who would be defeated if no evidence were given on either side." Subsection 6 of section 317 provides: "In the argument the party having the burden of proof shall have the conclusion and the adverse party the opening," etc.

We thing it manifest that the defendant held the affirmative of the issue in this case, and if no evidence had been introduced from the admissions made by the defendant in its answer, the jury should have been instructed to find for the plaintiff.

It is contended by counsel for the plaintiff that if the court erroneously required the plaintiff not only to make out his cause of action but go further and show that no defense could be well pleaded, such an error was to the prejudice of the plaintiff and not the defense, and, therefore, there being no such error as affected the substantial rights of the party complaining, the judgment, by reason of section 134 and section 338 of the Code, ought not to be disturbed.

While we perceive the difficulty either party would labor under when required to prove the negative of a proposition, still, in this case, the plea affirms that the

building fell, and after the fall took fire and destroyed the goods. Here is an affirmative allegation susceptible of proof, and the burden being on the party tendering the issue, he is entitled to conclude the argument. What effect the concluding argument may have had on the jury we cannot determine, but the experience of every practitioner has taught him that, in cases where the testimony is conflicting, or where the facts are such as will enable counsel to appeal to the passion or prejudice of the jury, the right to conclude the argument is regarded as invaluable, and, besides, the Code, a positive statute, gives to the party holding the affirmative the conclusion, and a denial of that right, when assigned for error, must require a reversal. Cases might occur where the evidence is so palpably for the one party or the other, as would render it idle to grant a new trial upon such a ground; still this court ought not to deny the right where the testimony is so conflicting as that a verdict by a jury, properly instructed, must control the final decision of the case.

In our opinion the appellant is entitled to a new trial, and the cause is reversed, and remanded for proceedings consistent with this opinion.