Case 7.—ACTION BY JAMES D. SHORTELL AGAINST MILES P. MATTINGLEY, FOR SERVICES, &c.—March 2.

## Mattingly v. Shortell.

Appeal from Daviess Circuit Court.

W. T. Owens, Circuit Judge.

Judgment for plaintiff, defendant appeals. Reversed.

Accounts—Pleading—Burden of Proof—Entry by Bookkeeper—
    Evidence of Character—Account Stated—Proof—Variance—
    Hearsay Evidence—Implied Promise.
1. Accounts—Pleading—Burden of Proof—In an action on an account, part of which is denied and payment of the balance pleaded, the burden on the whole case is on the defendant, who is entitled to the closing argument.
2. Entry by Bookkeeper—Evidence of Character—An entry on the books of the employer by his bookkeeper of a transaction between them, in the way the bookkeeper understood it, and which differs from the understanding of the employer, is an issue of a civil and not of a criminal nature, and does not

Mattingly v. Shortell.

put the character of the bookkeeper in issue so as to per-
mit him, in a controversy over the transaction, to introduce
evidence, over the objection of the employer, of his general
reputation for honesty.

3. Account Stated—Proof—Variance—Where an account is stated
between a debtor and creditor and a balance struck and agreed
upon, this constitutes the cause of action, and must be proved,
as alleged, and if not so proved, there will be a variance un-
less the pleadings are amended.

4. Hearsay Evidence—Competency—An entry made by a book-
keeper upon his employer's books, of statements made to him
by another concerning the transaction, is not competent evi-
dence for the bookkeeper. Such statements were mere
hearsay, and the fact that the bookkeeper had entered them
upon his employer's books added nothing to their competency.

5. Implied Promise—Where there is a subsisting claim for serv-
ices rendered, the amount of which is definitely ascertained by
stating an account, the law implies a promise to pay, which
is not qualified or rendered conditional by a promise on the
part of the debtor to pay "when able;" but such promise
binds him to pay at once, and proof thereof is not a variance
from a petition alleging an unconditional promise.

J. D. ATCHISON and C. D. WALKER for appellant.

POINTS AND AUTHORITIES CITED.

1. The burden of proof in the whole action is on the party who
would be defeated upon all the issues, and not upon one issue only,
if no evidence were introduced, and the party having the burden
is entitled to the concluding argument, a denial of which is a
reversible error. (Civil Code, secs. 526 and 317, seb-sec. 6; Ken-
ton Ins. Co. v. Osborne (Ky.), 51 S. W. Rep., 307; 5 Am. & Eng.
Enc. Law, 2d ed., 24; 11 id., 534; Royal Ins. Co. v. Schering, 87
Ky., 416; Crabtree v. Atchison, 93 Ky., 341.)

2. Evidence bearing upon the substantive issues is alone com-
petent and relevant, and no other can be considered in reaching
a verdict. (Murrell v. McAlister, 79 Ky., 311; Adams v. McAlis-
ter, 2 Ky. Law Rep., 323.)

3. The pleader must state the material facts only. (Civil Code,
sec. 90.) The test of whether a fact is material is: "If denied,
will the failure to prove it decide the case in whole or in part?"
(Cline v. Cline, 3 Oregon, 356; 4 Enc. Pl. & Pr., 558, note.)

4. An account stated is an agreement between persons, who
have had previous transactions of a monetary character, determin-
ing, upon examination, the balance due by reason thereof, and
a promise, express or implied, to pay such balance. (1 Am. and
Eng. Enc. Law, 2d ed., 437.)

An account stated is in the nature of a new promise or undertaking; creates a new and independent cause of action, on which a recovery may be had although it could not be had on the original debt; and, in an action on an account stated, no inquiry can be had as to the items that go to make it up, and no recovery can be had on the original account. (1 Am. & Eng. Enc. Law, 2d ed., 456; Christofferson v. Howe [Minn.], 58 N. W. Rep., 831; Heindenheimer v. Baumgarten [Texas], 29 S. W. Rep., 208; McCormick v. Interstate Consol. Rapid-Transit Ry. Co. [Mo.], 55 S. W. Rep., 252; Vanbebber v. Plunkett [Oregon], 27 L. R. A., 826.)

The terms "stated" and "settled" are interchangeable. (27 L. R. A., 812, notes.)

Balances made in the debtor's books, and assented to, may constitute an account stated. (Mathewson v. Eureka Powder Works, 44 N. H., 289.)

5. The trial court had a discretion to permit appellee, after he had closed his testimony, and a motion had been made to instruct the jury to find for appellant on the issue as to the account stated, to be reintroduced as a witness on that issue. (Ballowe v. Hillman, [Ky.], 37 S. W. Rep., 950; Larman v. Huey, 13 B. Mon., 439; Froman v. Commonwealth [Ky.], 42 S. W. Rep., 728.) But upon his failure, when reintroduced, to show an account stated, the motion should have been sustained. (Vanbebber v. Plunkett [Or.], 27 L. R. A., 816-9.)

To constitute an account stated, the claim must be distinct, and the promise to pay direct and unconditional. (1 Cyc. Law & Pro., 381-2 and 388; 1 Am. & Eng. Enc. Law, 2d ed., 446.)

6. Assumpsit is the proper form in which to declare upon an account stated. (2 Pl. & Pr., 1002 and 1024.)

Where the promise alleged is absolute and unconditional, evidence of a conditional promise to pay does not sustain it. (Martin v. Ferguson, 3 Ky. Law Rep., 446.)

7. Some of the general essentials in the introduction of books of accounts as evidence are that the entries therein must be made so near the time of the transaction as to form a part of the res gestae; must be from personal knowledge of the facts by the person who made them; must be unsusceptible of proof by other evidence; must be properly the subject of a book account; must not relate to a collateral fact, or special contract, or a single detached matter; must be to prove an affirmative, and not a negative; must be charged to a particular account. (Brannin & Smith v. Foree's Adm'r, 12 B. Mon., 506 and 508-9; 9 Am. & Eng. Enc. Law, 2d ed., 918 et seq.; Lawhorn v. Carter, 11 Bush, 10; Baldridge v. Penland [Texas], S. W. Rep., 566.)

8. In civil actions, evidence of general reputation is not admissible unless the proceeding is such as to put the character of the party directly in issue, and even though it may involve the impu-

Mattingly v. Shortell.

tation of a crime.   (Morris v. Hazelwood, 1 Bush, 208; Evans v. Evans, 93 Ky., 510; 5 Am. & Eng. Enc. Law, 2d ed., 865-6; 18 id., 1083; Litser v. Elmore, 100 Ky., 56; 5 Am. & Eng. Enc. Law, 2d ed., 863; Dudley v. McCluer, 65 Mo., 241, 27 Am. Rep., 273; Continental Ins. Co. v. Jachnichen, 110 Ind., 59, 59 Am. Rep., 198; Flower v. Aetna F. Ins. Co., 6 Cow. [N. Y.], 673.)

Where evidence of character is admissible, it must have reference to the trait involved only.   (5 Am. & Eng. Enc. Law, 2d ed., 855-6; Com. v. Hoskins, [Ky.], 35 S. W. Rep., 284.)

9. A delivery of a note, indorsed in blank, vests the assignee "with the right to receive the money thereon, to negotiate, and fill up the assignment in general terms," and is an absolute, unconditional assignment.   (Caruth v. Thompson, 16 B. M., 572; Hunt v. Armstrong's Adm'r, 5 B. M., 400; Cope v. Daniel, 9 Dana, 417; Owings v. Grimes, 5 Litt., 333.)

Such assignment "is a separate contract" (Owings v. Grimes, supra), proves itself, and is not the subject-matter of book accounts, and can not be proved thereby.   (1 Cyc. Law & Pro., 474; Lyman v. Bechtel, 55 Iowa, 437, S. C. 7 N. W. Rep., 673.)

After the assignment, the assignor loses all right of control over the chose, and the assignee is the owner, whether the assignment be absolute or conditional, or whether valid or voidable. (4 Cyc. Law & Pro., 85.)   And to fasten liability upon the assignor, he must use due diligence in commencing and prosecuting suit against the obligor, and in obtaining an execution returned, "no property found."

10. If the note was to be a payment on the account due appellee "when paid," it being secured by a policy of insurance on the life of the obligor, it was collectible, by process of law, at any time at the election of appellee, and was distinctly payable to him, at the death of the obligor, out of the proceeds of the policy, and, in no event, can appellant be held liable on the account until the death of the obligor.

11. The motion to transfer the action to the equity docket should have been sustained.   (Civil Code, sec. 10, sub-sec. 4; O'Connor v. Henderson Bridge Co., 95 Ky., 641.)

GEORGE W. JOLLY for appellee.


### AUTHORITIES CITED.

Story's Equity Juris., secs. 526, 527, 528; Armstrong v. Flora, 3 Mon., 46; 4 Cyc., 65; 7 Cyc., 279; Mans, Aull & Co. v. Jones, 3 Ky. Law Rep., 324; Civil Code, sec. 526; Greenleaf on Evidence, 559, 560 and 561; Seeley v. Holson, 11 Ky. Law Rep., 403; Com'th v. Tate, 89 Ky., 607; Greenleaf on Evidence, secs. 54, 55; Wharton on Evidence, secs. 569, 571.

OPINION BY JUDGE BARKER—Reversing.

This is an action by James D. Shortell to recover of Miles P. Mattingly a balance alleged to be due him for services rendered as bookkeeper and general manager of his business as a distiller in Owensboro, Ky., for a period of time running from 1882 to 1901. This balance is made up of three items: First, an account stated June 30, 1896, showing a balance due of $1,-415.40; second, a balance due for services rendered from June 30, 1896, to December 31, 1900, at $100 per month; and third, a balance due from December 31, 1900, to December 20, 1901, at $75 per month. The answer placed in issue the account stated as of June 30, 1896, denied the rendition of the services from December 31, 1900, to December 20, 1901, and as to the second item of the claim pleaded payment and counterclaim. A trial resulted in a verdict in favor of appellee for the amount claimed in the petition. From the judgment entered upon this verdict, appellant is here on appeal.

The burden of proof and the closing argument were awarded appellee over the objection of appellant. This, we think, was error. Had the case been submitted without any evidence, judgment must have gone for appellee for a part of the amount claimed in the petition. Section 526 of the Civil Code of Practice provides: "The burden of proof in the whole action lies on the party who would be defeated if no evidence were given on either side." This means that the burden of proof is on the party against whom such a judgment would be rendered as carries the costs. Walling v. Eggers, 78 S. W., 428, 25 Ky. Law Rep., 1564. This being true, it was error to deny the concluding argument to appellant. Royal Insurance Co. v. Schwing, 87 Ky. 410, 10 Ky. Law Rep., 380, 9 S. W., 242; Fireman's Insurance Co. v. Schwing, 11 S. W.,

14, 10 Ky. Law Rep., 883; Crabtree v. Atchison, 93 Ky., 338, 14 Ky. Law Rep., 313, 20 S. W., 260; Lucas v. Hunt, 91 Ky., 279, 12 Ky. Law Rep., 871, 15 S. W., 781.

In support of his plea of payment, appellant undertook to show by evidence that he had assigned to appellee a note of T. M. Hill for $1,500, secured by an insurance policy on the life of Hill for the amount of the note, and that appellee accepted it in part payment of his claim for services. This was denied by appellee, who claimed that the note and the insurance policy were transferred to him under the belief that Hill was about to die, and that Mattingly's creditors (he having become financially embarrassed) would attach the amount of the insurance policy; that to prevent this the assignment of the note and the transfer of the policy were made for the accommodations of Mattingly, and the proceeds were to be credited on Shortell's debt for services when paid; that Hill had recovered his health, but was insolvent, the policy had been allowed to lapse, and the note was entirely worthless. In evidence of his side of the transaction, Shortell had entered it on the books of his employer (he being the bookkeeper) as he understood it, and also certain statements of Hill concerning the matter. This entry, and especially so much of it as contained a statement that the note was to be credited on the account for services "when paid," Mattingly claimed was entered without his knowledge or consent. Conceiving that this charge placed his character in issue, appellee was permitted by the court, over the objection of appellant, to introduce various witnesses to testify as to his general reputation for honesty. The issue between the parties was of a civil and not of a criminal nature, and therefore did not involve the character of appellee in the sense that would authorize

the introduction of evidence of general reputation to support it. The question was whether or not Mattingly assigned the Hill note and Shortell accepted it in part payment. Shortell entered in the books of his employer his understanding of the transaction, but the correctness of his understanding did not involve his character. In the case of Evans v. Evans, 93 Ky., 510, 14 Ky. Law Rep., 628, 20 S. W., 605, it was said: "In civil actions evidence of general reputation is not admissible, unless the proceedings be such as to put the character of the party directly in issue." See, also, Morris v. Hazelwood, 1 Bush, 210, Continental Insurance Co. v. Jachnichen (Ind. Sup.) 10 N. E., 636, 59 Am. Rep., 198, and Dudley v. McCluer (Mo.) 27 Am. Rep., 273. Under the influence of this evidence, the jury might well believe they were trying Shortell for a crime, and hesitate long before they would be willing to blast his good name on an adverse verdict. This was manifestly prejudicial to appellant.

We think the trial court also erred in instructing as to the account stated, permitting the jury to find for the plaintiff on this issue on a quantum meruit, although they might believe that the account was not stated, as alleged, on June 30, 1896. When an account is stated between a debtor and a creditor, and a balance struck and agreed upon, this constitutes the cause of action, and must be proved as alleged, and if not so proved there will be a variance, unless the pleadings are amended.

The court erred in permitting appellee to read as evidence his entry concerning the note, containing statements made by Hill to him concerning the transaction. These statements were mere hearsay, and the fact that appellee had entered them upon his employer's books added nothing to their competency.

There was no variance between appellee's allega-

tion concerning the stated account, in which he alleged an unconditional promise to pay, and the evidence adduced upon the trial that appellant promised to pay "when able." The citation of authority on this point by appellant were all cases where the party making the conditional promise had been discharged from the debt by proceedings in bankruptcy. This discharge relieved the debtor from his original obligation, and his subsequent promise constituted a new cause of action, and necessarily this must be proved as alleged, and, if the condition be alleged, then it must be proved to have happened. This principle has no application to the case at bar. Here there was a subsisting claim for services rendered, which was definitely ascertained by the parties by stating the account, and the law implied a promise to pay. The promise to pay when able meant to pay at once. (Kincaid v. Higgins, 1 Bibb, 396; Cecil v. Welch, 2 Bush, 168, 92 Am. Dec., 481.)

For the reasons indicated, the judgment is reversed for proceedings consistent with this opinion.