# Home Insurance Company of New York v. Crowder.

(Decided May 21, 1915.)

## Appeal from Ohio Circuit Court.

1. Trial—Continuance—When Refusal of Not Error—Taking Deposition of Adverse Party, as if Under Cross-Examination—Rule as to Diligence.—While Section 606, Subsection 8, Civil Code, gives to either party to an action the right to take the deposition of the adverse party, as if under cross-examination, in doing so he is held to the same rules of diligence that would apply to the taking of the deposition of a person not a party to the action; and where a defendant, whose answer was filed December 1, 1913, desired to take the plaintiff's deposition, but did not attempt to do so until January 27, 1914, only five days before the beginning of the term of the court at which the case stood for trial, the refusal of the trial court to grant it a continuance on the ground that it was prevented from preparing for trial at that term by the failure of plaintiff to submit to the taking of his deposition, is not a reversible error.

2. Trial—Burden of Proof—Error of Court in Ruling it To Be on Wrong Party—When Not Ground for Reversal.—A judgment will not be reversed on appeal because of an error of the trial court in ruling that the burden of proof was on the party in whose favor the jury returned a verdict; if, notwithstanding such error, the party receiving the verdict was entitled under the pleadings and on the evidence to a peremptory instruction directing a verdict for him, and such instruction was asked by him at the conclusion of the evidence and erroneously refused by the court.

3. Insurance—Action on Policy for Loss of Building—Amount Recoverable When Loss Is Total—When Over-Valuation of Property by Insured Will Not Prevent a Recovery on the Policy.—In an action for loss under a policy of insurance on a building destroyed by fire, where the loss is total, Section 700, Kentucky Statutes, provides that the amount recoverable shall be the sum named in and fixed by the policy, unless fraud was practiced by the insured "in fixing the value of the property," and the insurer was "misled thereby." And though in such action the defense interposed by the answer of the insurer was that the insured practiced fraud in fixing the value of the property, which misled the insurer; and that the property was burned in pursuance of a conspiracy between the insured and another; where it conclusively appeared from the evidence, that, notwithstanding the insured's over-valuation of the property, the agent of the insurer was not misled thereby, but himself thoroughly inspected the property and from such inspection and his recommendation the policy was issued to the insured; and there was an absence of evidence conducing to prove that the property was burned by the insured or in pursuance of a conspiracy between him and another, the insured was

entitled to a peremptory instruction directing a verdict in his be-
half for the amount of the policy.

ERNEST WOODWARD, BEN D. RINGO and GORDON & LAU-
RENT for appellant.

HEAVRIN & KIRK for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

In this action upon an insurance policy, issued by
the appellant, Home Insurance Company, of New York,
on his dwelling house at Rosine, this State, the appellee,
C. F. Crowder, recovered against it a verdict and judg-
ment of $1,000.00 on account of the destruction of the
building by fire. The refusal of the circuit court to
grant appellant a new trial led to this appeal

The first error assigned by appellant for a reversal
of the judgment is the failure of the trial court to con-
tinue the case at the February term, 1914, upon its
motion supported by the affidavit of one of its counsel.
The affidavit contains the statement that appellant had
endeavored to obtain the deposition of the appellee, C.
F. Crowder, as if under cross-examination, pursuant
to the provisions of Section 606, Sub-section 8, Civil
Code, and had given him notice of the time and place
for taking it and to that end served him with a sub-
poena, but that he failed to attend or give the deposi-
tion. The affidavit set forth the facts with respect to
which appellant desired to interrogate appellee and its
purpose in so doing, and averred its inability to pre-
pare or make its defense without first obtaining the in-
formation to be had through the taking of the deposi-
tion. It was not asked in the motion or affidavit, how-
ever, that the appellee be compelled, by an order of the
court, to give the deposition, or that time be given ap-
pellant to take it.

In our opinion, the refusal of the continuance by the
trial court on the ground urged was not error.   The
action was instituted August 23rd, 1913, and the sum-
mons served on appellant the same day.   At the suc-
ceeding term of the circuit court, held in October, and
on the twenty-ninth day of that month, an order was
entered setting the case down for trial on the sixth day
of the February term, 1914, and giving appellant until
December 1st, 1913, to file its answer. The notice and
subpoena served upon appellee fixed January 27th, 1914,

for the taking of his deposition, only five days before the commencement of the February term, which began February 1st, 1914. It appears, therefore, that appellant had from December 1st, 1913, to February 1st, 1914, the day upon which he moved for the continuance, to take appellee's deposition. In addition, when the motion for the continuance was overruled, the court, by an order then entered, reassigned the case for trial to the tenth day of the term. So appellant, notwithstanding its failure to obtain the deposition of appellee on January 27th, might have procured an order on the first day of the February term for the taking of the deposition during the nine days intervening between the first and tenth days of the term, and if so taken and the information furnished thereby had shown its unpreparedness for the trial, the motion for the continuance on that ground could have been renewed on the tenth day. In view of the appellant's want of diligence in postponing the attempted taking of appellee's deposition until January 27th, 1914, we conclude that it was not prejudiced by the trial court's refusal of the continuance. It is true that appellant again asked a continuance on the tenth day of the February term, based upon the affidavit of A. J. Elder, its agent, but in view of its want of diligence, it was in no better position for then asking a continuance on account of the failure to obtain appellee's deposition than on the first day of the term; and the absence of certain witnesses, urged in the affidavit of Elder as a further ground for the continuance, did not authorize it, as the statements attributed to such witnesses by the affidavit were read on the trial as their depositions, and there was nothing in the affidavit conducing to show that the reasonable effect of their testimony in that form, would not be as beneficial to appellant, as if they had attended the trial and orally testified in its behalf.

While Section 606, Sub-section 8, of the Code, *supra,* gives to either party to an action the absolute right to take the deposition of the adverse party as that of any other witness, in doing so he is held to the same rules of diligence that would apply to the taking of the deposition of a person not a party to the action.

In Owensboro City Ry. Co. v. Rowland, 152 Ky., 175, we held that while it was error for the circuit court to refuse, in that case, the order asked by the appellant requiring the appellee to give his deposition before the

trial, under the circumstances presented, the error was not prejudicial to the appellant and did not authorize a reversal.

It is further insisted for appellant that the circuit court erred in refusing it the burden of proof and depriving it of the closing argument to the jury. This contention is manifestly sound. The answer admits the contract of insurance, as expressed in the policy and alleged in the petition; also the destruction by fire of the building insured, but denies liability for the loss thereby resulting to appellee; alleging that it was induced to enter into the contract and issue the policy of insurance by the fraud of the appellee in falsely representing the value of the property to be between $1,200.00 and $1,400.00, when it was, in fact, only worth $400.00; and that appellee and one Fred Baize conspired to burn the insured building and, in pursuance of such conspiracy, did burn and destroy it. The affirmative matter of the answer was controverted by the appellee's reply. Section 525 of the Civil Code provides:

"The party holding the affirmative of an issue must produce the evidence to prove it."

Section 526 provides:

"The burden of proof in the whole action lies on the party who would be defeated if no evidence were given on either side."

Sub-section 6 of Section 317, provides:

"In the argument, the party having the burden of proof shall have the conclusion and the adverse party the opening," etc.

It is manifest from the state of the pleadings here that if there was an absence of proof conducing to establish either fraud on the part of appellee in procuring the policy, or, that in pursuance of a conspiracy to that effect between appellee and Baize, one of them burned the insured building, the appellee was entitled to a judgment for the amount claimed in the petition. It, therefore, follows that the burden of proof was upon the appellant and it should have been required to introduce first its evidence and one of its counsel allowed the closing argument to the jury. In Royal Insurance Co. v. Schwing, Surviving Partner, 87 Ky., 410, we held that the denial of the concluding argument to the party on whom is the burden of proof, is an error prejudicial to his substantial rights, and, therefore, reversible, where the testimony is so conflicting as that a verdict by

a jury properly instructed, must control the final decision of the case. Lucas v. Hunt, 91 Ky., 279. But while the rule is as announced by the authorities, *supra,* it is not applicable where, as in this case, the evidence authorized the trial court to direct a verdict for the party erroneously held to be entitled to the burden of proof and closing argument. Acme Mills & Elevator Co. v. Johnson, 141 Ky., 718. The defense interposed by the answer was unsupported by proof. The insurance being upon a building and the loss a total loss, under the provisions of Section 700, Kentucky Statutes, the amount recoverable was the sum named in and fixed by the policy, $1,000.00, unless there was evidence conducing to prove that fraud was practiced by appellee "in fixing the value of the property" and that appellant was "misled thereby," or that there was a conspiracy between appellee and Fred Baize to burn the building and that they or one of them, in pursuance of such conspiracy, burned it. Kentucky Statutes, Section 700; Caledonia Ins. Co. v. Cooke, 101 Ky., 418; Aetna Ins. Co. v. Glasgow, &c., 107 Ky., 77; Thuringia Ins. Co. v. Mollot, 23 R., 1248; Phoenix Ins. Co. v. Wintersmith, 98 S. W., 987; German Fire Ins. Co. v. Duncan, 140 Ky., 27. There was evidence to the effect that appellee, in negotiating with appellant's agent for insurance on the property, overvalued it, but it was conclusively shown by the evidence that after talking with appellee and before accepting the risk, appellant's agent went upon the premises, thoroughly inspected the building, even measuring the rooms and viewing the foundation, and, pursuant to that inspection, recommended the risk and the insuance of the policy of $1,000.00 that was later delivered to appellee by appellant. It is patent that the statements made by appellee to appellant's agent as to the value of the property did not satisfy the latter. He preferred placing his own estimate upon it, and this he did with the result indicated. In view of the foregoing facts, appellant is, in all fairness, estopped to say that appellee was guilty of fraud in fixing the value of the property, or that it was misled thereby. Kenton Ins. Co. v. Downs, 90 Ky., 236; Teotonia Ins. Co. v. Howell, 54 S. W., 852; German Ins. Co. v. Wingfield, 57 S. W., 456. There was no evidence tending to show the alleged conspiracy to burn the property, or that either appellee or Baize burned it. There was some evidence of circumstances connecting Baize with the removal of some

goods from his store at Prentiss, which was insured, to one at Horton, owned by appellee, and that shortly thereafter his (Baize's) store was burned; that on the occasion of the destruction by fire, of a house at Horton, owned by appellee, which was also insured, Baize was seen to get off the train at Horton in an unusual manner on the night it burned; but these acts and the fires mentioned, occurred two or three years before the burning of the house for the loss of which the recovery was sought in this action; and however much they may have tended to excite suspicion against Baize in respect to those fires, they were in no way connected with the burning of the house involved in this action, and were not competent as evidence conducing to establish the conspiracy alleged in the appellant's answer.

The only circumstances relied on to connect Baize with the burning of the house, the insurance upon which is here involved, is that his wife and the wife of appellee are cousins; that he was occupying the house at the time of the fire as a renter; that on the night it was burned he and his family were on a visit to appellee's family; that an hour or more before the fire was discovered one person saw an unidentified man, apparently of Baize's size and bearing, standing in the yard near the house; and that one or two persons saw him, or some of his family, wearing, as they believed, after the fire, apparel which he was heard to say had been burned with the house. If these things had any value at all as evidence, they could do no more than produce in the minds of the people of the community a mere suspicion that Baize burned the house to obtain the insurance of $200.00, he had upon his household goods contained therein. They in no way connected appellee with the burning of the house, or with a conspiracy to burn it. We concur in the conclusion expressed by the circuit judge in overruling the motion made by appellant for a new trial; that there was no evidence to sustain either of the grounds of defense alleged in the answer; and that the motion of appellee for a peremptory instruction, at the close of the evidence, directing a verdict for it, should have been sustained. But as the court allowed the case to go to the jury, we find no substantial error in the single instruction given. The complaint of appellant as to the admission and exclusion of evidence does not seem to be well founded. The excluded evidence objected to was not competent, and the admitted

evidence complained of, though in the main incompetent, was brought out on cross-examination by appellant. Our examination of the record convinces us that the only error committed by the trial court was in holding that appellee had the burden of proof; and in failing, as requested by appellee at the close of the evidence, to direct a verdict for him. But as appellant was not prejudiced by the error in either ruling, and the verdict returned was the only one authorized by the pleadings and proof, no reason is apparent for a reversal. Therefore the judgment is affirmed.