## Southerland Brothers v. Huntington Gravel & Supply Company.

(Decided December 20, 1929.)

246

W. A. DAUGHERTY for appellants.

MOORE & CHILDERS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On March 16, 1927, Southerland Bros., a partnership composed of J. C. Southerland and S. H. Southerland, entered into a written contract with the state highway commission whereby they agreed to construct a certain section of the Pikeville-Whitesburg road in Pike county. In the work of building several culverts and bridges along the road, a large amount of concrete was·required, and it was necessary for the firm to purchase a quantity of sand and gravel. The firm made arrangements with the Huntington Gravel & Supply Company to furnish these materials, and ordered from that company four cars of gravel of the value of $923.73, which the firm declined to pay.

Some time later the Huntington Gravel & Supply Company brought this suit against the firm to recover the sum of $923.73, with interest from November 1, 1927,

until paid. In their answer and counterclaim the partnership denied the allegations of the petition, and attempted to plead a counterclaim to which the court sustained a demurrer. Later on the partnership filed an amended answer and counterclaim, consisting of a general denial in the first paragraph and a counterclaim in the second paragraph. On the trial, the court placed the burden of proof on the defendants, and, at the conclusion of their evidence, directed a verdict in favor of plaintiff. Defendants appeal.

The court did not err in placing the burden of proof on appellants. The burden of proof in the whole action lies on the party who would be defeated if no evidence were given on either side. Section 526, Civ. Code Prac. For the purpose of determining the burden, the whole pleading must be considered. Though it be true that the first paragraph of the original answer and counterclaim and of the amended answer and counterclaim denied the allegations of the petition, the second paragraph in each pleading attempting to plead a counterclaim not only admitted a portion of the account, but alleged facts showing appellants' liability unless the counterclaim was established. Therefore there is no escape from the conclusion that appellants had the burden of proof. Clarkson v. White, 3 B. Mon. 376; Mattingly v. Shortell, 120 Ky. 52, 85 S. W. 215, 27 Ky. Law Rep. 426, 8 Ann. Cas. 1134.

Another contention is that the court erred in sustaining the demurrer to the second paragraph of the amended answer and counterclaim. In this paragraph appellants attempted to plead that the gravel furnished did not comply with the terms of the contract. With this end in view, they alleged that appellee agreed to furnish 194.15 tons of gravel suitable for class B and F concrete according to the plans and specifications of the state highway commission, but that the gravel furnished was rejected by the agent and representative of the state highway commission. These allegations were not sufficient. To make out a case of breach, it was necessary to allege facts not only showing that the gravel ordered was to comply with the state highway commission's specifications for class B and F concrete, but also showing that the gravel furnished did not comply with such specifications. There being no allegation to this effect, it follows that the second paragraph of the answer and counterclaim was bad on demurrer.

248

Notwithstanding the ruling on the counterclaim, the court permitted evidence to be heard on the question. The evidence as to the terms of the original contract was very vague and indefinite. Perhaps there was sufficient evidence to show that appellee agreed to furnish gravel in accordance with the highway commission's specifications, but no specifications were mentioned in the orders given for any particular gravel. On the contrary, appellee was merely directed by letter or telegram to ship one or more cars of gravel. The highway specifications provided for different kinds of gravel for different kinds of concrete work. The evidence shows that the gravel furnished met some one of these specifications. Not only so, but appellants actually took charge of the gravel before the highway agent had an opportunity to pass on the samples furnished, and thereafter used the gravel in the prosecution of the work. In the circumstances there was no failure on the part of appellee to comply with its contract, but the loss, if any, sustained by appellants, was due solely to their failure to specify in the orders the particular kind of gravel desired. It follows that the court did not err in directing a verdict for appellee.

Judgment affirmed.