## Newman v. Preston Motor Company.

(Decided Oct. 24, 1933.)

EDWARD L. ALLEN for appellant.

FERGUSON & SHORT for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

The latter part of June, 1926, W. J. Newman purchased from Mrs. Lora K. Preston, now Mrs. Lora P. Stephens, doing business as the Preston Motor Company, a Dodge sedan, and paid on the purchase price $350. For the balance of $759 he executed his promissory note, payable in installments, and secured by chattel mortgage. He used the car for about four months, and being in default he executed a written contract by which he turned the car over to the Preston Motor Company to be sold at private sale. The car was sold at private sale and brought $250, which was credited on the note for the purchase price, leaving a balance of $529.

This action was originally brought against Mrs. W. J. Newman to recover the balance of the purchase price of the car. Mrs. Newman filed an answer denying the allegations of the petition, and pleading in substance that she had not signed or authorized any one to sign the chattel mortgage and note sued on, and that, if her name was signed to same, it was a forgery. Later on an amended petition was filed alleging that the sale was made to both Mr. and Mrs. W. J. Newman, and that, if it should appear that W. J. Newman purchased the car for Mrs. Newman without her consent, then he purchased it for himself. Thereafter W. J. Newman filed a separate answer and counterclaim admitting that he purchased the car, asserting a breach of warranty, and further pleading that the request for private sale was signed by him with the express understanding or agreement with plaintiff that she would fulfill the conditions of her previous or original contract of sale or guaranty

820

by replacing the defective engine in the car before at-
tempting to make a sale thereof, and that this portion
of the agreement was omitted from the contract by fraud
on the part of plaintiff or mutual mistake of the parties.
Mrs. Newman's motion for a peremptory instruction
was sustained. The case went to trial as against W. J.
Newman, and resulted in a verdict and judgment in
favor of the Preston Motor Company for the amount
sued for with interest. W. J. Newman appeals.

The first ground urged for reversal is that the
court improperly placed the burden of proof on appel-
lant. The suit was on a note. Appellant admitted its
execution and counterclaimed for damages for breach
of warranty, and for appellee's failure to equip the car
with a new engine. In the circumstances appellant
would have been defeated had no evidence been intro-
duced, and, that being true, the burden of proof was on
him. Civil Code of Practice, sec. 526. Royal Insurance
Company v. Schwing, 87 Ky. 410, 9 S. W. 242, 10 Ky.
Law Rep. 380.

It is next insisted that the court erred in overruling
appellant's motion for a peremptory instruction. The
first ground for this insistence is that Mrs. Preston, in
appellant's presence, wrote "Mrs." before his name.
Whether this act done in appellant's presence, and ap-
parently without objection, would constitute a material
alteration of the note, it is unnecessary to determine.
The fact is appellant did not defend on the ground of
material alteration, and, as mere evidence without a
pleading constitutes no defense, it was not error to
refuse the peremptory on the ground mentioned.

The other ground on which it is insisted that a
peremptory should have gone is that by the contract of
sale appellee guaranteed the automobile for a period of
90 days after delivery thereof against defects in ma-
terial or workmanship under normal use or service,
and that there was evidence that about two weeks after
the purchase the motor of the engine cracked, of which
fact Mrs. Preston was advised, but refused to supply
a new motor. The evidence not only shows that the
car was inspected on its delivery, and in perfect me-
chanical condition, but they afterwards turned it over
to appellant, who used it up and down very rough
mountain roads, a portion of which included a creek

bed filled with boulders. Clearly this was an abnormal use of the car, and evidence that the motor cracked under such use was hardly sufficient to show that the crack was due to defective material. But, aside from that, we find that the written request for private sale, after reciting that W. J. Newman had purchased the Dodge sedan, and had given as evidence of the purchase price a promissory note secured by chattel mortgage for $759, contains the following provision: "The Undersigned being in default of payments due on said note, the Company according to the terms of the said security agreement has the right to repossess said motor vehicle and sell it at public auction and recover a deficiency, if any, from the Undersigned. The Undersigned in order to reduce the amount of said deficiency, for which I am liable, or if possible eliminate any deficiency requests the Company not to exercise its right to sell at public auction but to sell said motor vehicle by private negotiation and without posting public notice or advertising said sale, because in the judgment of the Undersigned a better price will be obtained by private negotiation than by public sale." This agreement clearly recognized appellant's indebtedness to the extent of $759, and the right of the company to sell the car at public auction and recover the deficiency, and authorized the company to sell the car at private sale for the purpose of reducing or eliminating the amount of the deficiency. In the circumstances we think this was a waiver of any claim for damages for the alleged breach of warranty, thus leaving for determination whether or not there was an agreement by appellee to equip the car with a new engine before making the sale, and the agreement was omitted from the contract by fraud or mistake—a question which was submitted to the jury by an appropriate instruction, and decided adversely to appellant. Therefore, the court did not err in overruling the motion for a peremptory instruction, or in refusing to give instruction "A" offered by appellant and submitting the question of breach of warranty.

On the whole we find no error in the record prejudicial to appellant's substantial rights.

Judgment affirmed.