The CONNECTICUT INDEMNITY COMPANY, Appellant,

v.

A. K. KELLEY, Appellee.

Court of Appeals of Kentucky.

April 26, 1957.

Percy Brown, Jr., Ogden, Galphin & Abell, Louisville, Thomas F. Manby, Clark, Manby & Williamson, La Grange, for appellant.

James A. Hall, La Grange, for appellee.

CAMMACK, Judge.

A. K. Kelley brought this action to recover $9,000 from The Connecticut Indemnity Company under a policy insuring Kelley's house and its contents against loss by fire. The claim for the loss of the dwelling was $8,000 and that for the personal property was $1,000. The Company admitted in its answer execution of the policy and the destruction of the house by fire. It pleaded the following affirmative defenses: (1) The policy was procured by material misrepresentations; (2) Kelley's estimate of the value of the personal property destroyed was intentionally and patently incorrect, and constituted false swearing; and (3) Kelley caused the burning of the dwelling and its contents with intent to defraud the Company. From a judgment awarding Kelly $9,000 under his policy, the Company is appealing.

Before the commencement of the trial, the Company moved the trial judge to award it the burden of proof. The motion was overruled, and the burden of proof was given to Kelley. The only question argued by the Company on this appeal is whether the failure of the trial judge to award the burden of proof to it constituted reversible error.

CR 43.01(2) provides that: "The burden of proof in the whole action lies on the party who would be defeated if no evidence were given on either side." The effect of the Kentucky "Valued Policy Law," KRS 304.905, is to fix the value of real property covered by a fire insurance policy at the sum stated on the face of the policy, unless the insurer can show that fraud was practiced in setting the valuation, and also that the insurer was misled by the fraud. From what the trial judge had be-

fore him at the beginning of the trial, it is evident that if the Company had introduced 'no proof tending to establish one or more of its affirmative defenses, Kelley would have been entitled to a judgment for $8,000 for loss to his real property. Rhode Island Insurance Co. of Providence, R. I. v. Fallis, 203 Ky. 112, 261 S.W. 892, 37 A.L.R. 432; Home Insurance Co. of New York v. Crowder, 164 Ky. 792, 176 S.W. 344. In so far as the realty was concerned, the burden of proof was clearly upon the Company.

■ A different conclusion is reached, however, in regard to the personal property. KRS 304.905 applies only to risks on real property. It was incumbent upon Kelley to prove the value of his personal property, and without any proof as to its value, judgment would have gone for the Company. As to the personalty, the burden of proof rested upon Kelley. State Auto. Mutual Insurance Co. v. Cox, 309 Ky. 480, 218 S.W.2d 46.

■ It is the general rule in this jurisdiction that, where there are several issues, some of which the plaintiff has the burden of proving, and others falling upon the defendant, the awarding of the burden of proof on the whole case, and consequently the right to the closing argument, rests within the sound discretion of the trial judge. London & Provincial Marine & Fire Ins. Co. of London v. Mullins, 268 Ky. 814, 105 S.W.2d 1057. The discretion, while broad, is not unbounded. A ruling by the trial judge, shown to be clearly erroneous, will not be permitted to stand if it amounts to prejudicial error. The burden upon Kelley on the $1,000 claim could have been met easily by the introduction of evidence showing the value of his personalty. On the other hand, the Company, to avoid a liability of $8,000 for loss of the real estate, was faced with the duty of introducing substantial proof of fraud, false swearing, or misrepresentation. While neither disparity in the amounts involved nor difficulty in meeting the respective burdens alone would necessarily be

determinative of who had the burden of proof in the whole case, we believe that, taken together, they provide persuasive reasons for the assignment of the burden on the whole case to the Company. The Company's failure to obtain the burden of proof and its correlative right, the closing argument, constitutes reversible error. Royal Insurance Co. v. Schwing, 87 Ky. 410, 9 S.W. 242.

Judgment reversed and remanded for a new trial consistent with this opinion.