George K. HARRIS, Appellant,

v.

EDWARD J. MILLER & SON, INC.,
Appellee.

Court of Appeals of Kentucky.

Jan. 30, 1970.

Rehearing Denied June 5, 1970.

George K. Harris, A. J. Sehlinger, III, Gilbert A. Brutscher, Louisville, for appellant.

C. Maxwell Brown, Louisville, for appellee.

CULLEN, Commissioner.

George K. Harris appeals from a judgment which awarded Edward J. Miller & Son, Inc. (hereinafter "Miller"), $9,238.43 on a statement of account growing out of Miller's purchase of Harris' insurance-agency business, and which dismissed Harris' counterclaim for sums alleged by him to be due to him by reason of the sale contract. The case was tried without a jury.

Harris sold his insurance-agency business to Miller under an arrangement by which Miller took over the handling of Harris' debts and the collection of his accounts. The debts consisted of balances which Harris owed to the insurance companies he had represented, a sum owed to an individual creditor, and a federal tax assessment. The credits consisted of amounts collectible on accounts receivable from Harris' customers, and commissions due Harris on insurance he had written. Miller agreed to credit Harris with an amount equal to 1½ times the amount of commissions actually due. Miller further agreed to credit Harris with commissions for new insurance thereafter procured for the agency by Harris.

Miller brought this action against Harris as on an account, setting forth in account form the amounts of Harris' debts which Miller had paid, the amount of commissions credited to him, and the amount of accounts-receivable collections credited to him. The debt payments exceeded the credits by $9,479.16, and Miller prayed judgment for that amount. Harris answered, denying liability, and counterclaimed for sums allegedly due him for collectible but uncollected accounts receivable, and for commissions on new business.

The issues were tried and the court entered the judgment hereinbefore described.

As concerns the recovery on Miller's claim, Harris argues first that the action was for $9,479.16 on an "account stated" and the proof was of a different amount, $9,238.43, and therefore Miller was not entitled to recover any sum at all, because when a plaintiff sues on an account stated his claim must be proved exactly as alleged and there can be no recovery on another theory. See Mattingly v. Shortell, 120 Ky. 52, 85 S.W. 215. The argument is not valid here, because Miller did not purport to sue on an "account stated" (one which the debtor has admitted or agreed to be a correct account of the amount due). The suit was simply for money due on an account.

Harris next argues that Miller's proof of the account was not in conformity with the rules of evidence, wherefore his objections to this evidence should have been sustained, and that even if the evidence properly was admissible it did not have sufficient probative value to support the judgment on Miller's claim.

Miller's proof of the account, in the presentation of its case, consisted of only the testimony of the president of the Miller company, who testified simply from a summary that had been prepared for him by a bookkeeper. He did not have the original books with him and he had not prepared the summary. Probably his testimony was

---

not competent. However, during the course of his testimony it was brought out the vice-president would testify also, and that he would have the main account records with him. Subsequently, the vice-president did testify and he had with him the main account records. Harris made objections to his testimony because he did not have with him the detailed records of the company as to each individual policyholder's account. It was explained that these records were too bulky to be brought to court. The trial court then offered Harris the opportunity to examine the detailed records, and to take further testimony, at the office of the company. However, Harris did not avail himself of the offer.

It is our opinion that in the circumstances as a whole there was a sufficient compliance with the "shopbook rule." The main account records were present in court and adequate opportunity was offered for availability of the detailed records of individual policyholders' accounts. Furthermore, the only specific objection that was made to the evidence was to the admission, as an exhibit, of the summary used by the president in giving his testimony. There was no objection to the testimony itself.

Harris' contention that the evidence did not have probative value rests on, and falls with, his argument that the proof was not from the original records.

We come now to Harris' contentions with regard to his counterclaim. They are, simply, that his evidence was such as to *require* a finding that Miller had defaulted in its obligation as to collection of accounts receivable, and a finding that Miller had not given Harris credit for commissions on new insurance he had procured. It is sufficient for us to say that in our evaluation the evidence was not that strong. Harris' testimony was not supported by any documentary proof, and it was controverted by the evidence of Miller.

Finally, Harris complains that Miller's reply to Harris' counterclaim should have been stricken because of Miller's failure or refusal to produce, for examination on deposition, and employe alleged by Harris to be a "managing agent" for Miller within the meaning of CR 37.05. However, the record establishes that the employe in question had left Miller's employment more than a year before the motion to take her deposition was made, and she was not then a managing agent, if she ever was one. There was no error in the trial court's ruling on this matter.

The judgment is affirmed.

All concur.