Lucas v. Hunt.

---

CASE 52—PETITION ORDINARY—FEBRUARY 26.

## Lucas v. Hunt.

91 279
120 57

91 279
123 654

### APPEAL FROM WARREN CIRCUIT COURT.

1. THE BURDEN OF PROOF IN AN ACTION FOR MALICIOUS PROSECUTION can not be shifted from the plaintiff to the defendant by a general traverse, or by a specific plea denying malice and averring facts showing probable cause. Such a plea only puts in issue the truth of the facts alleged in the petition, and leaves the burden with the plaintiff.

2. OVERRULED CASE.—The case of Brown v. Morris, 3 Bush, 81, in so far as it conflicts with this, is overruled.

3. DENIAL OF CONCLUDING ARGUMENT A PREJUDICIAL ERROR.—The burden of proof being upon the plaintiff, the refusal of the court to allow him the concluding argument to the jury was a prejudicial error.

DULANEY & MITCHELL FOR APPELLANT.

The burden of proof was upon the plaintiff, and he had the right to conclude the argument to the jury. (Branham v. Berry, 4 Ky. Law Rep., 413; Johnson v. Clem, Idem, 860; Duffy v. Casey, MS. Op., 3 Ky. Law Rep., 334; McMinimy v. Airs, 4 Ky. L. R., 905; 2 Thompson, sec. 1612; Pomeroy's Remedies, sec. 624; Thompson on Trials, secs. 1612 et seq.; Lawson's Rights, Remedies and Practice, vol. 3, secs. 1083 to 1098.)

RODES, SETTLE & RODES FOR APPELLEE.

Brief not in record.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This was an action for malicious prosecution, and the only question is as to the burden of proof. Was it on the plaintiff or the defendant?

If the case had been submitted without any testimony, the verdict would have been for the defendant. The essential averments of want of probable cause and malice are found in the petition, and both denied by the answer. The appellee relies upon facts affirmatively pleaded constituting, as is alleged, probable cause for having the appellant arrested on a charge of felony, and admits the release or discharge of the appellant by the examining justice. That trial and discharge were only *prima facie* evidence of a want of probable cause, and although sufficient to authorize the case to go to the jury on that single issue, the issue as to malice, so essential to the recovery, had to be made out; and while the jury might have decided that the *unlawful* arrest, or the facts leading to it, showed malice on the part of the defendant, still the plaintiff was entitled to introduce other evidence showing a want of probable cause, as well as additional testimony establishing the fact of malice. The facts pleaded affirmatively by the appellee were in substance a denial of the want of probable cause, and left the case as if there had been a general traverse of the facts constituting the cause of action.

The burden can not be shifted from the plaintiff to the defendant by a general traverse, or by a special plea denying malice and averring probable cause. Such a plea only puts in issue the truth of the facts alleged in the petition. This court so held in the

case of Duffy v. Casey from the Jefferson Circuit
Court, MS. Opinion, October 22, 1881. A specific
denial of the essential averments in an action for
malicious prosecution, or a statement of facts induc-
ing the arrest of the plaintiff, that, if admitted,
would show probable cause, is not like an action
for slander, where the speaking of the words is ad-
mitted and the charge made alleged to be true. In
stating, by way of defense, that there was probable
cause, and the facts upon which it is based, and that
no malice existed, although in the nature of affirm-
ative matter, the plea at last only denies the aver-
ments of the petition, leaving the burden of making
out the case with the plaintiff.

The law may imply malice from an admitted fact,
still the plaintiff may, if he wishes, show express
malice by other acts and declarations of the defend-
ant connected with the arrest. (See Ullman v. Abrams,
9 Bush, 738.) The case of Brown v. Morris, 3 Bush,
81, in so far as it conflicts with this view of the ques-
tion, is overruled.

The plaintiff being entitled to conclude the argu-
ment, a new trial is ordered and the judgment re-
versed.