CASE 58—PETITION ORDINARY—OCTOBER 1.

## Crabtree v. Atchison, &c.

APPEAL FROM DAVEISS CIRCUIT COURT.

1. ESTOPPEL.—Where the obligor in a note executes and delivers to the payee a writing certifying that he has no defense against the note, he is estopped as against one who has purchased the note upon the faith of that assurance to plead that the note was obtained by fraud and without consideration. And this is true, although he may have acted in perfect good faith in giving the assurance.

2. SAME—BURDEN OF PROOF.—Where in an action upon a note the defendant pleads fraud and want of consideration, and the plaintiff for reply pleads an estoppel, the burden of proof is upon the defendant, and he is entitled to the concluding argument to the jury.

3. REVERSIBLE ERROR.—For an error in denying to the appellant the burden of proof and the concluding argument to the jury the court will reverse.

SWEENEY, ELLIS & SWEENEY FOR APPELLANT.

1. The court erred in giving appellees the burden.

2. The paper signed at the time the note was executed was obtained by the same fraudulent act that procured the execution of the note, and, therefore, does not constitute an estoppel. (Jaqua v. Montgomery, 33 Ind., 36; s. c., 5 Am. Rep., 108.)

WEIR, WEIR & WALKER FOR APPELLEES.

1. The paper executed by appellant at the time he executed the notes sued on estops him from pleading that the notes were procured by fraud. (Tipton County v. Rogers' Locomotive and Machine Works, 103 U. S., 523; Alexander v. Ellison, 79 Ky., 148; Rudd v. Matthews, 79 Ky.,

Crabtree v. Atchison, &c.

479; Foster v. Shreve, 6 Bush, 530; Stone v. Werts, 3 Bush, 490; Ferguson v. Smith, 7 Bush, 77; Gerault v. Anderson, 2 Bibb, 543; Barnes v. Wise, 3 Mon., 169; Short v. Jackson, Sneed, 193; Morrison v. Clay, Hard., 431; Morrison v. Beckwith, 4 Mon., 73; Wooldridge v. Oates, 2 J. J. Mar., 223; Smith v. Stone, 17 B. M., 171; McBrayers v. Collins, 18 B. M., 838; Wells v. Lewis, 4 Met., 272; Rudd v. Matthews, 79 Ky., 486.)

2. As the only issue in the case was whether appellees purchased the note in suit in good faith and in reliance upon the statements made in the papers executed by appellant, which facts were peculiarly within the knowledge of appellees, the burden of proof was on them. (Weber v. Rothchild, 15 Oregon, 385; s. c., 3 Am. St. Rep., 162; Union Canal Co. v. Yourge, 30 Am. Dec., 212; Jewett v. Palmer, 11 Am. Dec., 401; Jackson v. McChesney, 17 Am. Dec., 521.)

3. Even if there was error in giving appellees the burden of proof the error was not prejudicial as the case was submitted without argument to the jury. (Civil Code, secs. 338, 756; Williams v. Rogers, 14 Bush, 786.)

4. The judgment appealed from is correct upon the record itself and, therefore, this court will affirm, although errors may appear. (Poor v. Robinson, 13 Bush, 290; Ireland v. Berryman, 3 Bush, 359.)

5. Contracts for the sale and purchase of lightning rods are valid, although the seller may have incurred a penalty by selling without license. (Lindsay v. Rutherford, 17 B. M., 245.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant executed to J. Medanich & Co. a promissory note for one hundred and two dollars and sixty cents. Medanich & Co. assigned the note, before its maturity, to the appellees. They brought suit on it. The appellant answered that the note was obtained from him by the fraud of the payees; and that it was without consideration, having been executed for a lightning rod that was utterly worthless. The appellees, replying, traversed these allegations. They further alleged that when the appellant executed and delivered the note to Medanich & Co. he executed and delivered to them two writings. The one deemed material to the question at issue is as follows:

" *To all whom it may concern :*

" This is to certify that a note executed by me to J. Medanich & Co., for one hundred and two dollars and sixty cents, is a *bona fide* debt against me. There is no offset, discount or defense against the same, and the same is good against me for the full amount thereof and will be paid to the said J. Medanich & Co., or to such persons as they may assign said note to." Signed, &c.

The appellees further alleged that they purchased said note for value and without notice of the alleged fraud or want of consideration; and that, at the time of the negotiation for the note, the writing *supra* was exhibited to them, and they purchased the note upon the faith of the assurances therein contained. The appellant rejoined, denying that appellees knew of the contents of said writing or that they purchased the note upon the faith of the assurances therein contained. On the trial of the case the lower court ruled that the burden was on the appellees; consequently they were entitled to conclude the argument. The appellees obtained judgment on the note, and the appellant has appealed. Under the instructions of the court, to which there is no serious objection, the jury was authorized from the evidence to find that the said writing was exhibited to appellees at the time they purchased the note, and that they purchased it upon the faith of the assurances therein contained. But it does not appear that the appellant issued and delivered the writing with the purpose of defrauding or deceiving the appellees or any one else. So the question is, there being no actual fraudulent or deceitful purpose on the part of the appellant in issuing and delivering said paper, does the doctrine of estoppel apply in favor of the appellees, they having

purchased said note for value and without notice of the alleged infirmities, and upon the faith of the assurances contained in said writing. In a case like this, where a person has made certain assurances upon which he intends third persons to rely as true in contracting· in reference to the subject matter of the assurances, and upon which they do rely as true in making such contracts, and but for which they would not have thus contracted, and the denial of the truth of the assurance would be injurious to the contractual rights of such persons, the person giving the assurances is estopped from denying their truth as to such persons. The fact, in a case like this, that the person made the assurances in good faith and without design to defraud, can not avoid the doctrine of estoppel, because he intended the other party to rely upon the truth of the assurances and he did rely upon them in contracting and would not have thus contracted but for such reliance, and it would be a fraud upon him to allow the person to deny the truth of them to the detriment of the other party. (Rudd v. Mathews, 79 Ky., 479.) The writing delivered to the payees of the note and exhibited to the appellees by the payees to induce them to purchase it, and upon the assurances of which they relied in making the purchase, was equivalent to personal assurances made to the appellees by the appellant, face to face, to induce them to make the purchase, and upon which they relied in making the purchase.

But, as said, the court held the burden to be upon the appellees; consequently, it allowed them to conclude the argument. The appellant complains of that ruling. We have decided that an error in that particular is a reversible error.. The Civil Code, sec. 526, provides

as follows: "The burden of proof in the whole action lies on the party who would be defeated if no evidence was given on either side." The note sued on (the signature being admitted) being *prima facie* evidence that the payor was indebted according to its terms, the burden was upon him to establish the allegations of fraud and want of consideration. Those allegations being traversed, if no proof was offered establishing them, the appellees would be entitled to judgment on the note; hence the burden, thus far, was on the appellant to establish the allegations of fraud and want of consideration; and, failing to establish that issue, the appellees would be entitled to judgment for the full amount of the note. The plea of estoppel in event of such failure would cut no figure; for the proof having failed on the issue of fraud and no consideration, the appellees would be entitled to judgment on the note. So, notwithstanding the appellees, in case the plea of fraud and no consideration was established, would, in order to avoid the effect of it, be compelled to establish by proof their plea of estoppel; yet, in case there was no proof offered, they would be entitled to judgment for their demand. Hence, as judgment would have been rendered against the appellant, in case no proof had been offered, the burden was upon him and he was entitled to conclude the argument. For that reason the judgment is reversed and the case is remanded for further proceedings consistent with this opinion.