## Ditto v. Hopkins.

(Decided April 29, 1915.)

### Appeal from Bourbon Circuit Court.

Evidence—Burden of Proof—Pleading—Payment.—In a suit on a note the defendant answered that he had made a payment not credited by the plaintiff. The plaintiff, in a reply, admitted the payment but claimed it was made on other debts. The rejoinder

traversed the reply. On this state of the pleadings the answer completed the issues. The reply and rejoinder merely set up matters that could have been shown in evidence without pleading. The plea of payment put the burden on the defendant, but the error of the court in giving it to the plaintiff, was not prejudicial error.

A. C. McMILLAN and WALLACE & HARRISS for appellant.

EMMETT M. DICKSON and HARRY SCHOBERTH for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant, Sue E. Ditto, who will be called the plaintiff, brought suit against the appellee, John L. Hopkins, who will be called the defendant, on a note for $6,500, dated April 15, 1908, subject to a number of credits, and asked judgment for the balance due.

The defendant, for answer, averred that on May 17, 1909, he paid the plaintiff on this note $2,000 by check of that date and claimed that he was entitled to credit by this sum in addition to other credits on the note.

For reply, the plaintiff, after denying that the defendant was entitled to credit on the note sued on by this $2,000, admitted that on May 17, 1909, the defendant paid to her the $2,000, but averred that he was at that time indebted to her in the sum of $2,000, evidenced by his two promissory notes, and that the payment of $2,000 made by him was intended to be and was applied as a credit on these notes for $2,000.

For rejoinder the defendant denied that he was indebted to the plaintiff in any other sum than the note sued on, or that when the $2,000 payment was made the plaintiff held against him notes for $2,000, or any notes except the one sued on.

From this statement of the pleadings it will be observed that the plaintiff admitted the payment by defendant of $2,000 on May 17, 1909, and so the only issue between them was, whether this $2,000 should be applied as a credit on the $6,500 note sued on or went to pay the other notes for $2,000 which the plaintiff alleged she had against the defendant. Or, to state the pleadings in another way, the defendant claimed that he had paid $2,000 on the note sued on, for which the plaintiff had failed to give him credit; while the defendant, although admitting the payment, claimed that it was applied on other notes she held against the defendant.

Upon this state of the pleadings the trial court ruled that the burden of proof was upon the plaintiff.

Only two witnesses testified in the case; that is, the plaintiff and the defendant.

The plaintiff said, in substance, that at the time the $6,500 note was executed in April, 1908, she held against the defendant two notes for $1,000 each, which notes she had in her possession when the $6,500 note was executed. She further said that she did not remember when she delivered to the defendant the two $1,000 notes, but did so before she received the check for $2,000 in May, 1909. In explanation of her delivery of these notes to the defendant before they were paid, she said that she and the defendant were neighbors and friends; that he had attended to considerable business for her and she had implicit confidence in his integrity; that when she asked him to make a payment on the debts he owed her he requested a little time, and in the course of the conversation she delivered to him the two $1,000 notes, and afterwards, in May, 1909, he sent her the check for $2,000; that when she delivered the notes to him he told her he would pay the notes and did so by check; that she did not make a present of the notes to him, but gave them to him with the expectation that he would pay them, as he subsequently did.

The defendant in his behalf said that in 1898 he borrowed from the plaintiff $1,000 and gave her his note, and in 1907 he borrowed another $1,000 from her and gave her another note for that amount. He further said that he and the plaintiff had long been good friends and that in March, 1908, after they had been engaged to be married for several months, the plaintiff made him a present of these two $1,000 notes, saying to him at the time, in substance, that she had only one granddaughter, who did not care anything about her, and that as he had always been a good friend she was going to make him a present of these notes, and did so; that the marriage engagement was broken off in a very pleasant way by the plaintiff; that he never paid her money or other consideration for either of the two $1,000 notes, and that he afterwards made the payment of $2,000 in May, 1909, which was to be applied as a credit on the note sued on.

In rebuttal the plaintiff said that she had never at any time been engaged to be married to the defendant.

Upon this evidence the plaintiff requested the court to instruct the jury, in substance, that they should find for the plaintiff unless they believed from the evidence that the $2,000 paid by the defendant was a payment on the $6,500 note and not on the two $1,000 notes. The court refused to give this instruction and instructed the jury as follows:

"1. If the jury believe from the evidence that the defendant paid $2,000 to the plaintiff and that the sum so paid was applied by plaintiff to the payment of the two notes mentioned in the evidence for $1,000 each, then the jury ought to find for plaintiff the sum of $6,500, with interest from April 15, 1908, at 6% per annum until paid, subject to a credit of  *   *   *

"2. If the jury believe from the evidence that the plaintiff gave as a present to the defendant the two notes for $1,000 each, and that the payment of $2,000 made to plaintiff on May 17, 1909, was made as a payment on the note for $6,500 herein sued on, then the jury ought to allow the said sum of $2,000 as a further credit on said note for $6,500.''

The jury returned a verdict for the defendant, and the plaintiff appeals.

The principal ground of reversal relied on is the ruling of the trial court in placing the burden of proof on the plaintiff.

The answer was a plea of payment, and this pleading really made up the issues. It was not necessary that any reply should have been filed to the plea of payment, nor did the reply change in any material way the issue. It merely set up some matters concerning which evidence could have been introduced without reference to it in the pleading. Nor did the rejoinder make any new issue.

Having this view of the matter, the burden was on the defendant, as the person pleading payment takes the burden. The erroneous placing of the burden of proof is not, however, in all cases such error as will authorize a reversal. If the defendant had asked and been refused the burden to which he was entitled and had lost the case, there would be more merit in his complaint that he was prejudiced than there is in the complaint of the plaintiff, as he would have been deprived of the closing argument. But the error of the court gave to the plaintiff the closing argument, which is generally regarded

as quite an advantage, and we may well assume that counsel for plaintiff in this case availed themselves to the fullest extent of the benefit obtained by the closing argument to the jury, and it is very apparent that this error was not prejudicial to the plaintiff.

The instructions of the court stated, as we think, very clearly the single issue the jury were called on to try.

Some complaint is also made of the fact that the plaintiff, over the objection of her counsel, was required to state the value of her estate at the time the transactions between her and the defendant took place. Presumably this evidence was admitted for the purpose of showing that the financial circumstances of the plaintiff were such that she could afford to present as a gift to her friend, the defendant, the two $1,000 notes; and we are not prepared to say that it was not competent as a circumstance tending to show that she made this gift.

In cases like this it is difficult to confine the evidence to the precise issue between the parties, and where the jury get, as they did in this case, both from the evidence and the instructions, a clear and thorough understanding of the only issue they were called on to try, we would not be disposed to remand the case for a new trial, although we might not be entirely satisfied as to the correctness of some ruling made by the court.

The plaintiff testified very positively that the $2,000 in question was not paid as a credit on the note sued on, or intended to be applied as a credit on that note. On the other hand, the defendant, with equal directness, testified that it was paid and received as a credit on the note sued on. This being the only evidence before the jury, they decided to accept the defendant's version of the affair, and we do not find any error in the record that would authorize us to interfere with this finding.

Wherefore, the judgment is affirmed.