## Waller, et al. v. Lee County, et al.

## Johnson, et al. v. Lee County, et al.

(Decided May 4, 1920.)

### Appeals from Lee Circuit Court.

1.  Action—Multiplicity of Suits.—Where several actions are brought in the same court by the same or different plaintiffs against the same or different defendants, and the issues of law and fact are the same in each case, the court may try them together, although a separate judgment in each case may be found necessary.
2.  Eminent Domain—Exception to Commissioners' Report—Burden of Proof.—In a proceeding to condemn land for a public use, the party filing exceptions to the report of the commissioners appointed to assess the damages sustained by the landowners, has the burden of proof and will be entitled to the closing argument on the trial by a jury of the issues of fact raised by the exceptions; and as in this case the appellant landowners, who alone filed exceptions to the report of the commissioners, were by the trial court refused the right to assume the burden of proof, and, also, the right to close the argument to the jury, these rulings constitute error so prejudicial to them as to compel the reversal of the judgment.

J. K. ROBERTS, G. W. GOURLEY and GOURLEY & PARRISH for appellants.

SAM HURST, J. F. SUTTON and E. R. ROSE for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The appellees, Lee county, and Jessee Calmes, a citizen and taxpayer of Lee county, by petition instituted these separate proceedings in the Lee county court, one against the appellants, C. B. Waller and others, the other

against the appellants, T. C. Johnson and others, for the purpose of acquiring by condemnation the right of way over their respective lands for slight changes in a public road and making approaches to a new steel bridge to be constructed across the middle fork of the Kentucky river, near the mouth of Lynams creek in Lee county; the land of the former lying on one side of the river and that of the latter on the opposite side thereof.

After commissioners appointed by the county court in each proceeding to ascertain and report the damages that would result to the landowners therein by reason of the taking of their lands for the purposes indicated, had filed in that court in each proceeding their report setting forth such damages, exceptions were filed to each report by the landowners thereby affected, following which a joint trial by jury was had in the county court of all issues of fact raised by the exceptions, resulting in a verdict fixing the damages to which the jury believed the landowners in each proceeding entitled, and separate judgments were entered in conformity with the verdict, from each of which an appeal was taken by the landowners to the Lee circuit court; and on the joint trial in the latter court of the issues of fact raised by the exceptions in both proceedings the jury returned a verdict fixing the damages in each case at an amount below that allowed in the county court. From the separate judgments of the circuit court entered on the last verdict the respective landowners have appealed to this court, and the appeals having been submitted and considered together, will be disposed of by the one opinion.

Of the numerous grounds filed by appellants in support of their respective motions for a new trial in the circuit court, only two are relied on in the brief of their counsel for the reversal of the judgments asked of this court. These are that the circuit court erred: (1) In requiring the issues of fact made by the exceptions filed in each proceeding to be tried together, instead of separately; (2) in ruling that the burden of proof was on the appellees and allowing their counsel the closing argument to the jury.

The first of these contentions is without merit. Where several actions are brought in the same court by the same or different plaintiffs and against the same or different defendant or defendants, and the issues of law and fact are the same in each case, the court may try

them together, although a separate judgment in each case may be found necessary. Benge's Admr. v. Fouts, 163 Ky. 797; Reed v. Nickols, 166 Ky. 424; Graham's Admr. v. L. C. R. Co., 185 Ky. 370. Moreover, as we have been unable to find from the record that appellants objected to the cases being tried together, they cannot here complain that they were so tried.

Appellants' second contention must be sustained. Indeed, the question is made plain by the Civil Code, section 525 of which provides: ''The party holding the affirmative of an issue must produce the evidence to prove it.'' And section 526, which provides: ''The burden of the proof in the whole case lies upon the party who would be defeated if no evidence were given on either side.'' In Chicago and St. L. & N. O. R. R. Co. v. Rottering, 26 R. 1167, a case the facts of which were much like those here presented, we held that the landowner (there the appellee) excepting to the award of damages reported by the commissioners, was properly allowed to assume the burden of proof and his counsel to make the closing argument to the jury, and in discussing the question said:

''We are unable to sustain the remaining contention of appellant's counsel that the court erred in adjudging that the burden of proof was upon the appellee. The only questions of fact in the case were tried by the jury, and those questions were raised by exceptions filed by the appellees to the report of the commissioners. No exceptions were filed by appellant to the report, and if none had been filed by appellees the report would have been confirmed by the court. Section 838, Kentucky Statutes, provides that if no exceptions have been filed by either party, it (the court) shall confirm said report 'if against the owners not excepting.' If after filing the exceptions appellees had failed to introduce proof, the exceptions would have been overruled and the report confirmed. Section 526 Civil Code provides 'the burden of proof in the whole action lies on the party who would be defeated if no evidence were given on either side.' Manifestly appellees would have been defeated if no evidence had been given on either side. It follows, therefore, that no error was committed by the court in ruling that appellees had the burden of proof and were entitled to the closing argument to the jury.''

The rule of practice as declared above was approved by this court in the following cases: Chicago R. Co. v. Liebel, 27 R. 716; Tipton v. Triplett, 1 Metcalfe 570; Downs v. Jackson, 128, S. W. 333; Lucas v. Hunt, 91 Ky. 548; Shirley v. Renick, 151 Ky. 25; Pitmen v. Drown, 175 Ky. 677; Security Life Ins. Co. v. Duncan's Admr., 184 Ky. 445.

In substantially all of the cases, *supra*, it was held that where the burden of proof is wholly on the appellant the ruling of the trial court in taking it away from him and refusing to allow him to close the argument to the jury, constitutes reversible error. The only issues in these proceedings were as to questions of fact that were wholly raised by the exceptions filed by the appellant landowners. In the absence of proof introduced by them in support of the exceptions, judgment necessarily would have gone in favor of the appellees, of whom no proof whatever would have been required. For the single error committed by the trial court in refusing to accord appellants the burden of proof and the closing argument to the jury, the judgments appealed from must be and are hereby reversed.