## Louisville & Nashville Railroad Company v. Chenault, et al.

(Decided December 18, 1925.)

### Appeal from Madison Circuit Court.

1. Eminent Domain—Admission of Evidence that Cattle would be Frightened Away from Drinking from Water Supply Near Railroad Held Error.—In proceedings by railroad to condemn land for right of way, which contained several valuable springs, where company proposed to conduct water supply from springs located on proposed right of way to remaining land of landowner, admitting testimony that cattle would be frightened away from drinking from such water suply because of passing trains was error, being too remote and uncertain.

2. Eminent Domain—Admission of Testimony as to Bad Effect on Soil from Operation of Railroad Through Farm Held Not Error.—In proceedings by railroad company to condemn right of way, admitting testimony that bad effect on soil from accumulation of ashes and cinders was caused by operation of railroad was not error.

3. Eminent Domain—Evidence as to Value of Use of Water from Springs in Land Condemned for Right of Way Held Competent.—In proceedings by railroad company to condemn for right of way land which contained valuable springs, evidence as to value of use of such springs was competent, though railroad company proposed to pipe water therefrom to remaining land of landowner.

4. Eminent Domain—Fact that Landowner Owned Other Land which Might be Benefited by Taking Right of Way by Railroad Held Not to Minimize Damages.—In proceedings by railroad company to condemn right of way, fact that landowner had another disconnected tract of land near railroad which might be benefited was not admissible to minimize damages resulting from taking land.

5. Eminent Domain—Landowners Must be Paid for Condemned Land in Money, Not in Benefits.—In condemnation proceedings, landowners must be paid for their land in money, not in benefits.

6. Eminent Domain—Instruction Allowing Landowner to Recover Damages, if Any, from Changing Railroad from Old Location to New, Held Error.—In proceedings by railroad company to condemn right of way for purpose of changing track, refusal of instruction permitting jury to grant landowner such damages, if any, as directly resulted to remainder of land by reason of changing railroad from old location to new location was proper, in absence of anything in pleadings and evidence to show intention of railroad company to abandon old road.

7. Eminent Domain—Improper Argument to Jury, Not Set Out in Bill of Exceptions, Held Not Available on Appeal.—In proceedings by railroad company to condemn land for right of way, alleged error in improper and prejudicial statements by defendants' counsel in arguments to jury, and in unduly restricting argument of plaintiff's attorney, not set out in bill of exceptions, is not available on appeal.

WOODWARD, WARFIELD & DAWSON and G. MURRAY SMITH for appellant.

BURNAM & GREENLEAF for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

The appellant, whom we will call the plaintiff, has appealed from a judgment against it in favor of the appellees, whom we will call the defendants, for $58,000.00 for land condemned for railroad purposes. Seeking to get better grades and easier curves, plaintiff relocated its railroad. Alleging that it had been unable to purchase from the defendants the needed land, it instituted this proceeding. Commissioners were appointed and assessed the damages thus:

| | |
|---|---|
| Value of land taken | $6,400.00 |
| Fencing | 1,500.00 |
| Resulting damages | 52,100.00 |
| Total | $60,000.00 |

Both parties filed exceptions. The trial was had in the county court with the following results:

Value of the land taken ................................ $4,800.00
Fencing ........... ......... ..................................................... 3,000.00
Resulting damages ........................................... 39,700.00
                                                                      ——————
Total ......... ............................................................................$47,500.00

Plaintiff having paid that sum into the county court, took possession of the land and appealed to the circuit court. In the circuit court the following stipulation was made:

"It is hereby stipulated and agreed by the partiees: The plaintiff, railroad company, will construct and perpetually maintain a lawful fence along both sides of its railroad through the lands of the defendant, along proposed new right of way. It will construct and maintain three farm crossings on this 556 acres at convenient points, and it is agreed that said number is reasonably sufficient for use of this farm. The plaintiff, railroad company, will erect and maintain suitable gates in its fencing on both sides of these crossings, but will not be liable for the closing of these gates by other than its own employees. It is further agreed that the railroad will handle the springs and water courses in the manner testified to by G. W. Feagin and Mr. Morton."

In that court, the jury returned as the value of the land taken, and resulting damages, a verdict for $58,000.00. From the judgment entered upon this verdict, plaintiff has appealed.

This judgment must be reversed for the reasons given in the case of L. & N. R. R. Co. v. Burnam, Trustee, et al, 214 Ky. 736; but as the issues were not entirely the same, it will be necessary that in this opinion some notice is given to other matters.

The plaintiff alleged that incompetent evidence was permitted to be introduced. On this tract of land there are several valuable springs, four of which are within the strip of land taken, and two others are near the strip. One of these springs, known as No. 1, will, after the railroad is constructed, be beneath the fill, and the plaintiff proposed to construct a concrete box over that spring and to connect with that concrete box a two inch pipe which defendant now has there, and which pipe connected with

a water trough in defendant's field, outside of the right of way. The other three springs within the right of way, will not be covered by the fill, hence will be available, as plaintiff contends, for the use of defendant.

Chenault was permitted to testify that even though this water be thus conveyed to this farm outside the right of way, the water will be in such close proximity to the railroad that stock will take fright and not come there to drink when a train is passing, and the water will not be as available for use by grazing cattle as it was before. This evidence about frightening cattle was too remote and uncertain, and should not have been admitted.

Chenault was also permitted to testify that as a result of the operation of the old line of railroad through his farm, for which the new line is to be substituted, ashes and cinders accumulated to a depth of six inches on either side of that right of way, and that, except as they naturally disintegrated or washed away, the cinders remained there, which resulted in making the land so loose and light that it dried out quickly, and no moisture would stay in it for any length of time, so that neither bluegrass nor other vegetation would take root and grow on it, and he testified that this same condition would result from the prudent operation of trains along the new location. Plaintiff says this evidence was incompetent because this court said, in the case of L. & N. R. R. Co. v. Asher, 12 Ky. L. R. 815, 15 S. W. 517:

> "The road runs within 33 feet of the appellee's dwelling, and while it may inconvenience the appellee or its proximity to the dwelling and barn may endanger the buildings by reason of sparks, etc., caused by the careless management or operation of the road when constructed, still, if by misfortune the buildings should burn or otherwise be destroyed, the value could not exceed more than one-half of the sum assessed against the appellant."

Its objection must be overruled, because the evidence complained of does not come within the rule in the Asher case. In that case the witnesses were testifying about what might happen from the careless management or operation of the road, whereas, Chenault was testifying about the results that would follow from the prudent and ordinary operation of the railroad.

Plaintiff contends that all of Chenault's evidence as to the value of the use of water from these springs was

incompetent because of the stipulation made by plaintiff
about the things it would do to make the springs as val-
uable to him after the road is constructed as it was be-
fore.   No doubt the plaintiff hopes to make these springs
as valuable as they were and it outlined before the jury
a plan by which it proposed to do this; but whether or not
that plan would work out successfully and whether or
not even if succesesful, it would render the water as use-
ful and as advantageous as before, was a question affect-
ing the value of the land, and a question for the jury to
consider, so the evidence was competent.

The court refused to permit the plaintiff to prove or
to comment upon the fact that the defendants owned 284
acres of land immediately across the pike from this farm,
and adjacent to it.   It contends that it should have been
allowed to prove and to argue to the jury that benefits
that might result to this 284 acres used in connection with
the improvements on the farm from which the strip of
land was taken, should be offset against damages to the
land taken.   The rule is that landowners must be paid
for their land in money, not in benefits.   L. & E. Ry. Co.
v. Napier's Heirs, 160 Ky. 579, 169 S. W. 1017.   The fact
that defendants happened to own other land near this,
cannot be used to minimize the damages done this land,
resulting from this taking.   In Potts v. Pennsylvania &
Schuylkill Ry. Co., 119 Pa. St. 278, 4 Am. St. Rep. 646, 13
Atl. 291, under similar state of facts, it was held that as
a general rule, disconnected properties were to be treated
as separate and distinct properties, and damages for
right of way will ordinarily be assessed on this principle,
and that where two properties have no physical connec-
tion, in order to be regarded as one in the assessment
of damages, for right of way, they must be so inseparably
connected in the use to which they are applied, that in-
jury to or destruction of one must necessarily and per-
manently injure the other.

"A public road will ordinarily divide the land
of a single owner into separate parcels, even if both
parcels are used for the same purpose, if the use
upon each parcel is separate and independent of that
upon the other." Nichol's Eminent Domain, section
241.

Therefore, for the same reason that the defendant
could not seek to recover damages for alleged injuries to
the property across the pike, the plaintiff should not be

allowed to attempt to show benefits from the use of that property in connection with buildings on this farm. Plaintiff offered this instruction:

> "The jury will find for the defendant, T. D. Chenault, such a sum as they may believe from the evidence to be the fair and reasonable market value of the 16.01 acres of land taken, considering it in relation to his farm. They will also find such other damages, if any, as directly result to the remainder of his farm by reason alone of the changing of the railroad from the old location to the new."

This was properly refused, under the state of the pleadings and the proof, for there is nothing to show that it is the purpose or intention of the plaintiff to abandon its old road.

Plaintiff in its seventh ground for new trial contended the court erred in allowing counsel for defendants to make improper and prejudicial statements in arguments to the jury, to which it then objected and excepted, and likewise erred in restricting a line of argument made to the jury by plaintiff's attorney, but this objection is not available because these matters were not set out in the bill of exceptions. This court has frequently announced this rule, and in the case of Hopkins v. Com., 210 Ky. 318, 275 S. W. 881, we gave the reason for the rule.

The judgment is reversed for the reasons stated, and the cause remanded with directions to award the plaintiff a new trial.

### Response to Petition for Rehearing.

PER CURIAM. The questions argued and the ground urged for the granting of the rehearing in this case are practically the same as those presented in a similar petition in the case of L. &. N. R. R. Co. v. Burnam, Trustee, et al., and for the reasons stated in the response to the petition in that case, which was this day filed, the petition herein must be and it is overruled.