## Commonwealth, for Use and Benefit of State Highway Commission et al. v. Anderson et al.

(Decided February 19, 1929.)

L. C. FLOURNOY, JR., for appellant.

G. L. DRURY for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

J. N. Anderson owns a farm in Union county adjacent to the city of Morganfield. The state, in conjunction with the federal government, desired a right of way 60 feet wide through his farm for the purpose of constructing a federal highway. Union county was under the duty to obtain and pay for the right of way. The county could not agree with Anderson on the question of the value of the right of way and the damage to his farm by reason of its taking. The farm is one highly improved, consisting of 300 acres in round numbers, and it is divided into two parts by the right of way which was taken, with about 223 acres on one side and 67 acres on the other side. The disagreement over the amount which Anderson should receive resulted in the institution of condemnation proceedings by the county. The viewers fixed the value of the land to be taken and the resulting damage to the farm at $2,999. Anderson excepted to this, and a trial in the county court before a jury resulted in his ob-

taining a verdict for $5,500. Neither side was satisfied, and both sides appealed to the circuit court. A trial there resulted in a judgment in favor of Anderson for $8,776, and the county has appealed.

The judgment is large, but this court is not concerned with the size of the judgment, if there was substantial evidence to support it. It may be a hardship on the county to pay this amount for a right of way through a farm, but, unless there is something in the record which prevented the county's having a fair trial, we will be under the necessity of affirming the judgment, although probably larger than it should have been.

We will first take up the grounds that the verdict is excessive and not supported by the evidence. No less than ten witnesses of intelligence testified to facts indicating that the verdict was more than twice what it should have been. These witnesses gave intelligent reasons for their conclusions. They dealt with each item relied on by Anderson as a basis of recovery. These items consist of the value of the land actually taken, which was 6.92 acres, the cost of fencing the right of way, the damage to the remainder of the farm by reason of the shape in which it was left and the damage to the farm by reason of the cutting of tiling. It would serve no useful purpose to state in detail the evidence on these points. The case was well tried, and the witnesses on neither side dealt in fragmentary conclusions. They bottomed their testimony on concrete facts. Taking the evidence of the witnesses for the county collectively, the verdict should not have exceeded $3,000.

Considering Anderson's side of the controversy, we find that he introduced ten witnesses, intelligent, and thoroughly familiar with the value of farm lands, and the cost of building fences, constructing drains, and the depreciation of the value of the farm by reason of its shape. Likewise they testified intelligently, and, taking their evidence collectively, we find that the verdict of the jury is not as much as it might have been. As we have said, the weight of the evidence is not for this court. It is within the province of the jury. Keen v. Osborne, 185 Ky. 647, 215 S. W. 798; Sandy Valley & E. Ry. Co. v. Bentley et al., 161 Ky. 555, 171 S. W. 178.

If the verdict of the jury in a condemnation case is flagrantly against the weight of the evidence or so grossly excessive as to appear at first blush to have been given under the influence of passion and prejudice, this court

will set it aside. Calor Oil & Gas Co. v. Franzell, etc., 128 Ky. 715, 109 S. W. 328, 33 Ky. Law Rep. 98, 36 L. R. A. (N. S.) 456; Id. (Ky.) 122 S. W. 188; Calor Oil & Gas Co. v. W. B. Wither's Adm'r et al., 141 Ky. 489, 133 S. W. 210; L. & N. R. Co. v. Asher, 15 S. W. 517, 12 Ky. Law Rep. 815. Where the physical facts are such, or made to so appear by the evidence, as to show that the verdict is unjust and unsupported in law and in fact, it should not be allowed to stand. Louisville & Nashville Railroad Co. v. Chambers, 165 Ky. 703, 178 S. W. 1041, Ann. Cas. 1917B, 471; Consolidation Coal Co. v. Potter & Wife, 182 Ky. 562, 206 S. W. 776. The case of Louisville & Nashville Railroad Co. v. Burnam, Trustee, et al., 214 Ky. 736, 284 S. W. 391, contains a collection of many of the rules and principles governing the assessment of damages in cases such as this.

In the trial of this case below the principles announced in the case of Big Sandy Ry. Co. v. Dils, etc., 120 Ky. 563, 87 S. W. 310, 27 Ky. Law Rep. 952, appear to have been before the court and the attorneys, although the case is not cited on the brief of either party. It is also apparent that the attorneys prepared their case in advance of the trial and were scrupulous in following the rules of law governing such matters. The principles of law are well established in the cases cited. Taking these cases and others announcing similar principles, we can find nothing in the record which would justify our reversing the case on the ground that the verdict of the jury is excessive. It may seem so to us, but that is not the question. The question is, how did it seem to the jury, and was there evidence authorizing the jury to reach the conclusion which enabled it to return a verdict for the amount mentioned in the judgment? Under all of the facts, we are unable to say that the judgment was rendered under the influence of passion and prejudice, or that it is excessive or not supported by the evidence.

There are several other grounds urged for reversal and we shall give attention to each of them.

During the progress of the trial, the jury was sent to view the premises, and the sheriff did not go along, but, in place of the sheriff, the trial court went with the jury. It is said, in brief for appellant, that this was in violation of section 839, Kentucky Statutes, which allows the jury, upon the request of either party, to be sent by the court in charge of the sheriff to view the land. The court does

not think there is any merit in this contention. The sheriff is but the servant of the court, and the master may, if he so desired, do the work of his servant. Or, if the sheriff be treated as the agent of the court, then the agent may have substituted for him his principal without doing violence to the law. The purpose of the statute was to have the jury in charge of an officer of the law who would see that the jury was guilty of no improper conduct while viewing the land. It would be a strained construction of the statute to hold that it was error for the trial judge to accompany the jury instead of the sheriff.

Another ground urged for reversal is that the jury was not admonished by the court to refrain from discussing the case while they were viewing the premises. The record is against appellant on this point. It is further urged that, while the jury was viewing the premises, one of them pointed out to the other jurors "that the water coming through the culvert across said farm would cause and wash open ditches through the 80-acre tract of land on the John Anderson farm on the south side of said highway, and at one culvert indicated where one of the open ditches would be, by pointing it out with a cane which he was carrying." The juror charged with having made this statement in his affidavit stated that he did not remember having made any such statement, and did not believe that he had made it. Assuming that he did make the statement, and assuming, without deciding, that it was misconduct, yet the court has concluded that it could not have been prejudicial. Cases such as this where the trial is long drawn out, and it appears that no substantial errors were committed during the progress of the trial, should not be reversed because of some trivial matter which should have been omitted. Unless the court is convinced that there was error prejudicial to the substantial rights of the complaining party, a case should never be reversed.

Another ground relied on is that the attorney for appellees made an improper argument before the jury. We do not find the alleged objectionable argument embraced in the bill of exceptions. The statement complained of was to the effect that the people of Union county for years had traveled a road around the farm of Anderson, and that they were still willing to do so, but the state cared nothing about the rights of Anderson or the wishes of the traveling public, and ran the highway diagonally across the farm of Anderson. As to whether these state-

ments were literally true we do not know, but there was nothing in the argument that could have been prejudicial, and, while the attorney did state in effect that, if the commonwealth of Kentucky cared nothing for the rights of the landowner, it should pay him for all the damages done to his land, still we would not reverse the case on account of that statement, if it was properly before us, although the commonwealth of Kentucky does not pay for right of ways. Right of ways must be paid for by the county, and this we presume was well known at the time of the argument by the attorney and all parties connected with the case.

Counsel for appellant in their brief frankly say that the alleged incompetent and irrelevant evidence about which they complained in their motion and ground for a new trial in their judgment was not sufficient to justify a reversal of the case. That ground is therefore eliminated.

The last ground urged for reversal is that the verdict was what is known as a quotient verdict; that is, that each of the jurors stated the amount which he thought the appellee should recover and that the separate sums were added and divided by twelve, and the sum thus arrived at reported as the verdict of the jury. That would probably be a quotient verdict if that happened. Section 271 of the Criminal Code of Practice prohibits a verdict by lot, but in the case of Choate v. Commonwealth, 176 Ky. 427, 195 S. W. 1080, this court held that, if the jury as a whole agreed to the verdict after it had been thus arrived at, it was not error. It appears in this case, if the affidavits of the jurors were admissible, that each of the jurors did set down what he considered the amount which should be recovered by appellee, and that thereafter the total of these sums was divided by twelve, with the result that the verdict was finally fixed at the sum arrived at. It is clear from the affidavits of other jurors, if they may be considered, that, after a sum was thus ascertained, the jury as a whole agreed that that sum should be the verdict of the jury. Counsel for appellant cite 27 R. C. L. p. 847, as authority against the verdict returned in this case. The rule is there correctly stated to the effect that a verdict rendered in a civil action in pursuance of an agreement by the jurors to accept one-twelfth of the aggregate amount of their several estimates without the assent of their judgment to such a sum as their verdict is invalid. That is the general rule.

A verdict so arrived at, that is, by each juror setting down the amount of the recovery and adding the separate sums and dividing by twelve, would be erroneous if the process should stop there. If, however, the jury considers the sum thus obtained, and agrees that the sum shall be the verdict of the whole jury, it is then a valid verdict and not a quotient verdict.

No other grounds are urged for reversal, and we do not find enough in those relied on to authorize a reversal of the case.

Judgment affirmed.