# Louisville & Nashville Railroad Company v. Hargis et al.

(Decided October 8, 1929).

O. H. POLLARD, HUNT & BUSH, C. S. LANDRUM, ASHBY M. WARREN and WOODWARD, HAMILTON, WARFIELD & HOBSON for appellants.

GRANNIS BACH and W. L. KASH for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

The Louisville & Nashville Railroad Company instituted a proceeding in the Breathitt county court against Margaret Hargis and others to condemn a strip of land approximately 100 feet wide and over a mile in length extending through a farm belonging to the defendants. The commissioners appointed by the county court assessed the value of the property taken and the damage to the remainder at $3,500. Both parties filed exceptions to the commissioners' report, and a trial of the exceptions in the county court resulted in a verdict in favor of the defendants for $4,500. The railroad company prosecuted an appeal to the circuit court, where a trial was had and a verdict returned awarding $6,500 to the defendants. A new trial was requested and denied, and the railroad company has prosecuted this appeal.

It is insisted that the award is not sustained by the evidence and is grossly excessive; that incompetent evidence was admitted; that the jury was improperly instructed; and that the appellant was prejudiced by a ruling of the court denying it the burden of proof.

The farm is on the banks of the Middle fork of Kentucky river, and contains 334 acres, about 50 acres of which is bottom land suitable for cultivation, whilst the remainder is mountain land covered with timber. There is a small clearing of hill land containing about 25 acres used for pasturage. A tunnel 1100 feet long is to be con-

structed near the lower end of the farm, and a large fill is to be made near the house. Part of the garden is to be taken. The evidence was in sharp conflict on the issues of value and damages. In cases of this character, it is peculiarly the province of the jury within the limits of the proof to fix the value of the land taken and to assess the damages to the remaining tract. L. & N. R. R. Co. v. White Villa Club, 155 Ky. 452, 159 S. W. 983; Sandy Valley & E. R. Co. v. Bentley, 161 Ky. 555, 211 S. W. 193, 171 S. W. 178; Lexington & E. R. Co. v. Sumner, 196 Ky. 788, 245 S. W. 849; Commonwealth v. Anderson, 228 Ky. 90, 14 S. W. (2d) 392.

The issue to be tried is a comparatively simple one. It is essential that the jury should find the value of the land to be taken and the damage to the remainder considering the situation in which it would be placed. Madisonville, H. & E. R. R. Co. v. Ross, 126 Ky. 138, 103 S. W. 330, 31 Ky. Law Rep. 584, 13 L. R. A. (N. S.) 420. But, in view of our conclusion on another point, the question regarding the amount of the verdict is reserved. The rulings of the court regulating the admission of evidence are criticized, but we find no substantial error in that particular. The answer of the witness respecting damages to the house was too vague and indefinite, but evidence might be introduced upon that subject if the witness shows any basis in fact for an opinion thereon. Much of the testimony was addressed to the cost of removing the timber from the hill land after the railroad was constructed. There was a conflict in the evidence as to the quantity of timber and as to the cost of removing it, but it constituted an element in estimating the value of the land and was a proper subject for proof. The rulings on evidence were not prejudicial. Sandy Valley & E. R. Co. v. Bentley, 161 Ky. 555-559, 171 S. W. 178; Long Fork Ry. Co. v. Sizemore, 184 Ky. 54, 211 S. W. 193.

It is said that the farm was divided by a county road, and that no damage could be allowed for separating it by the construction of a railroad; but the farm is one entire tract, used as a whole, and the presence of the county road did not affect its use. The construction of the railroad would separate the farm into two distinct tracts and increase the difficulty of communication, and it is conceivable that such a structure might materially affect the value of the farm. In any event it was competent proof for the jury to consider in determining the issues submitted. In Louisville & N. R. Co. v. Chenault,

214 Ky. 748, 284 S. W. 397, the railroad company contended that the farm on one side would be benefited, and it was sought to offset such benefits against the land taken from the other side of the farm, which was not permitted. There is nothing decided in that case militating against the right of a landowner to recover damages to all of his farm simply because a county road ran across it. The avowal by counsel that necessary crossings would be constructed was uncertain, and the plans did not provide for crossings. If crossings were contemplated, they should be shown by the plans, or stipulated in the record and provided for in the judgment (Creech v. L. & N. R. Co., 217 Ky. 301, 289 S. W. 238); but the landowner is entitled to the actual damages to his property, even considering that adequate crossings would be constructed (L. & N. R. R. Co. v. Emerson, 125 Ky. 104, 100 S. W. 863, 30 Ky. Law Rep. 1149; Louisville & N. R. R. Co. v. Pittman, 53 S. W. 1040, 21 Ky. Law Rep. 1037). The construction engineer testified that a culvert 8 feet high and 8 feet wide would have to be constructed at the mouth of the branch, which could be used by the landowner in passing from one side of his farm to the other. This testimony was admissible, as such an opening would afford a means of crossing which might materially reduce the damages to the farm.

The court instructed the jury to find for the defendants such a sum as they might believe from the evidence constituted the fair and reasonable cash value of the strip of land proposed to be taken, considering said strip of land in relation to the entire tract of which it is a part, and also such other direct damage, if any, as they might believe from the evidence resulted to the remainder of the tract by reason of the situation, condition, or shape in which it was placed, or for such additional fencing or other improvements, if any, as might be necessary to the reasonable enjoyment of the remainder of the tract; but the amount of damages, in any event, should not exceed the difference between the actual value of the land as an entirety immediately before and the actual value of the land as an entirety immediately after the taking. This instruction followed the form approved in cases of this character. Hobson, Blain & Caldwell, Instructions to Juries, sec. 249, p. 284; Broadway Coal Mining Co. v. Smith, 136 Ky. 725, 125 S. W. 157, 26 L. R. A. (N. S.) 565. The offered instructions rejected by the court related to crossings and to the exclusion from the ascertained dam-

810

ages of any enhancement in the value of the remaining land by reason of the construction of the railroad. The court was also asked to exclude from the jury all evidence introduced by defendants as to damages to the remaining lands based upon the assumption that there would be no crossings over the railroad. The particular evidence was not specified, but only an abstract proposition was submitted by the offer. Under the facts of this case, the instruction given was sufficient, and it was not error to refuse those offered. Incidental damages may be reduced by incidental benefits (Big Sandy R. Co. v. Dils, 120 Ky. 563, 87 S. W. 310, 27 Ky. Law Rep. 952), but no facts were shown in this case to call for the application of that rule. (Louisville & N. R. Co. v. Chenault, 214 Ky. 752, 284 S. W. 397). If the evidence on another trial should produce an issue of that character, the court will instruct the jury accordingly. Bell's Committee v. Board of Ed., 192 Ky. 700, 234 S. W. 311. The instructions must conform to the issues in so far as supported by evidence, and that is all that is required. Louisville & N. v. Burnam, 214 Ky. 736, 284 S. W. 391; Hobson, Blain & Caldwell on Instructions to Juries, sec. 37, p. 17.

The final complaint of the appellant is that the court erred in awarding the burden of proof to the defendants. It is conceded that this was error, since exceptions were filed by both parties, and in such cases it has been held that the burden of proof is on the condemnor. Waller v. Lee County, 187 Ky. 848, 220 S. W. 1071; Shelbyville Turnpike Co. v. L. & N. R. Co., 51 S. W. 805, 21 Ky. Law Rep. 548; Calor Oil & Gas Co. v. Franzell (Ky.) 122 S. W. 188; Saulsberry v. Ky. & W. Va. Power Co., 226 Ky. 75, 10 S. W. (2d) 451. It is urged, however, that the error was harmless in this case, inasmuch as the case was not argued to the jury, and therefore the defendants were not given the closing argument. The suggestion, upon superficial consideration, is plausible, but it will not bear analysis. The right to open and close in a lawsuit is an important one, and generally a denial of that right constitutes reversible error. 38 Cyc. 1300; Elliott's, The Work of the Advocate (2d Ed.) p. 146. The Civil Code provides (section 317, subsec. 3) that the party on whom rests the burden of proof in the whole action must first produce his evidence, and by subsection 6 the party having the burden of proof is given the right to conclude the argument. By section 526 of the Civil Code the burden of proof in the whole action lies on the party who

would be defeated if no evidence were given on either side. In O'Connor v. Henderson Bridge Co., 95 Ky. 633, 27 S. W. 251, 983, 16 Ky. Law Rep. 244, the action of the lower court in granting a new trial was approved. The new trial had been granted on the ground that the court had erred in placing the burden of proof, although it gave the concluding argument to the right party. In Ditto v. Hopkins, 164 Ky. 412, 175 S. W. 658, it was held that an error in refusing the right to begin the production of evidence was cured by permitting the party claiming it to make the closing argument. The great advantage of the concluding argument was considered sufficient in that case to compensate for the disadvantage of being compelled to go forward with the evidence in advance of the adverse party. It has been held consistently by this court that a denial to the party entitled thereto of the burden of proof *and* the closing argument is reversible error. Tarvin v. Timberlake, 38 S. W. 491, 18 Ky. Law Rep. 807; Ermert v. Deitz, 58 S. W. 442, 22 Ky. Law Rep. 540; Fitch v. Parker, 47 S. W. 627, 20 Ky. Law Rep. 842; Royal Ins. Co. v. Schwing, 87 Ky. 410, 9 S. W. 242, 10 Ky. Law Rep. 380; Ashland & C. St. Ry. v. Hoffman, 82 S. W. 566, 26 Ky. Law Rep. 778; Crabtree v. Atchison, 93 Ky. 338, 20 S. W. 260, 14 Ky. Law Rep. 313; Lucas v. Hunt, 91 Ky. 279, 15 S. W. 781, 12 Ky. Law Rep. 871; Mattingly v. Shortell, 120 Ky. 52, 85 S. W. 215, 27 Ky. Law Rep. 426, 8 Ann. Cas. 1134.

In other cases it has been broadly stated that a denial of the burden of proof, involving the right to the closing argument, is itself reversible error. Fornash v. Antrobus, 178 Ky. 621, 199 S. W. 783; Waller v. Lee County, 187 Ky. 848, 220 S. W. 1071; Home Ins. Co. v. Johnson, 226 Ky. 594, 11 S. W. (2d) 415, 416; Security Life Ins. Co. v. Duncan, 184 Ky. 443, 211 S. W. 758; Pitman v. Drown, 175 Ky. 677, 194 S. W. 913.

It is not merely granting the right to the closing argument to the litigant's adversary that constitutes the error, but it is the denial of the litigant's own right in that behalf. It may be that the argument to the jury was waived by appellant solely because it had been denied the burden of proof and the right to make the last argument. In view of our decisions upon the subject, we are constrained to hold that the court erred in this case in denying to the appellant the burden of proof, thus depriving it of the right of introducing its evidence first.

812

and of the further right of making the concluding argument to the jury.

The judgment is reversed for a new trial not inconsistent with this opinion.

Whole court sitting.