## Kentucky & West Virginia Power Company v. Saulsbury et al.

(Decided December 3, 1929.)

JOHN M. THEOBALD for appellant.

DYSARD & MILLER for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

This is the second appeal of this case. The former opinion may be found in 226 Ky. 75, 10 S. W. (2d) 451. The material facts are stated in that opinion, and the law is discussed at length. The judgment, on that appeal, was for $1,600 in favor of the landowners who are appellees on this appeal. It was reversed because of

error appearing on the record. On another trial $3,500 was awarded, and the power company has appealed.

Several grounds are relied on for reversal. One is that the court did not dispose of the deposit amounting to $2,295 which the company had placed with the clerk of the court pursuant to the provisions of section 839, Ky. Stats. The judgment took notice of the $2,295 deposit by deducting it from the total amount returned in favor of appellee on the last trial by providing that interest should run only on $1,205, the difference between the judgment in the county court and the final judgment. The failure to state in the judgment that the $2,295 should be credited on the $3,500 is not reversible error, as the credit may be placed on the judgment before, or at the time, of its satisfaction.

It is earnestly argued by counsel for appellant that it was error on the part of the trial court not to sustain its motion to send the jury to view the premises. We cannot sustain that contention. Section 839, Ky. Stats., confers upon the trial court a discretion as to whether he will send the jury to view the premises. It is not mandatory that he do so. This court has always recognized the rule that it is within the discretion of the trial court to send, or not to send, the jury to view the premises. Our attention has been called to no case where the judgment of the lower court was reversed because of an abuse of this discretion. We find no case directly passing on the question of the discretion of the trial court to have the jury view the premises in condemnation proceedings. Section 318 of the Civil Code of Practice does not apply to condemnation proceedings, as they are controlled by the provisions of section 839, Ky. Stats. The court has often held that under the provisions of section 318 of the Civil Code the trial court has a discretion as to whether he will send the jury to view the premises. Alexander v. C., N. O. & T. P. Ry. Co., 202 Ky. 475, 260 S. W. 14; Salisbury v. Wellman Electrical Co., 173 Ky. 463, 191 S. W. 289.

But it is argued by counsel for appellant that reading section 839 in connection with section 836, Ky. Stats., there is no discretion left in the trial court, but he must send the jury to view the premises when such a request is made of him by either of the parties. It is pointed out that section 839, Ky. Stats., contains the provision that the jury should be governed by the rule prescribed in section 836, which makes it the duty of the commission-

ers to view the land and to award the owner, or owners, the value of the land or material taken. Section 839, Ky. Stats., means no more than that the procedure shall be the same as that prescribed in section 836, Ky. Stats., in case the trial court, in the exercise of his discretion, should send the jury to view the premises. It does not mean that because the commissioners must go upon the premises that the jury likewise must go upon the premises if a request for their going is made.

This property was located about 12 miles from the county seat. There was a conflict in affidavits as to the length of time it would take the jury to go to the property and view the premises. The easement extended through the property for nearly 2 miles. The value of the land subjected to the easement could be established by the proof, and the viewing of the premises by the jury would not help very materially on this point, as they could see only what witnesses available to both parties could see. The timber which had been cut could be described by witnesses available to both parties, and the cutting of trees or saplings could be established by the evidence of witnesses. It would hardly be contended, we think, that the jury should have counted the trees and saplings which had been cut on the premises. We are unwilling to say that the trial court abused his discretion in overruling the motion to have the jury view the premises.

It is suggested in brief by appellant that the jury that viewed the premises awarded a verdict for $1,600 only, and that the jury which did not view the premises awarded a verdict for $3,500, and, reasoning from these facts, it is contended that the failure of the trial court to send the last jury to view the premises was prejudicial. The argument is not sound. The first jury returned a verdict for $1,600 under erroneous instructions, and there is no way to determine what the verdict would have been if the instructions had been proper.

The instructions are attacked by appellant on the ground that they do not conform to the first opinion of this court. It is insisted that the trial court allowed the jury to return a verdict for the reasonable market value of the strip of land and timber taken for the easement less the reasonable market value of such strip of land for use and occupancy subject to the easement. It is urged that this court did not authorize the use of the words "and timber." That contention is without merit. The

court specifically held in the former opinion that the appellees were entitled to recover for the value of the timber standing on the land. The court did not direct any specific instruction to be given, but simply gave general rules to govern the court in the preparation of his instructions. Even where an instruction is approved by this court a change in it is not prejudicial, unless the meaning of the instruction is substantially changed. Green River Light & Water Co. v. Beeler, 197 Ky. 818, 248 S. W. 201.

It is next insisted that the value of the easement taken was not confined to the date that it was taken. It would have been proper for the court to have used the phrase "at the time the land was taken," but the conclusion of instruction 3A is in these words: "But the total amount found shall not exceed the difference between the fair and reasonable market value of the entire farm immediately before and after taking by the plaintiff of the easement."

We do not find any prejudicial error in the instructions. The first instruction points out specifically exactly the rights and powers that appellant was seeking to obtain in the land, and the jury was authorized to fix the value of the rights in the land conferred upon the company. That is, it was seeking the right to construct, erect, operate, and maintain a line, or lines, for the transmission of electric current or other power, telegraph and telephone lines thereon and thereover, and to place, erect, maintain, inspect, add to the number of and relocate at will poles, towers, cross-arms, fixtures, and to string wires and cables thereon, and add thereto from time to time, across, over, and through the premises described, and to cut and remove from said premises, or adjoining premises of appellees on either side, any trees, overhanging branches, or other obstructions which may endanger the safety of or interfere with the use of said poles, fixtures, or wires attached thereto, and the right of ingress and egress to the premises for the purpose of patrolling the lines, repairing, renewing, and adding to the number of poles, fixtures, wires, and other necessary thing for the free use and enjoyment of such easement. The jury was clearly told by the instruction exactly the rights the company would have in the lands, and this included the right to cut all of the timber on the 100-foot easement at any time that it may deem the cutting of it necessary.

Some suggestion is made that the instruction allowed the jury to return a verdict for $15,000 when that sum was not claimed in the pleadings, but as the jury returned a verdict for an amount less than the sum claimed in the pleadings, no harm was done by authorizing it to return a verdict larger than the pleadings called for, if that was done.

It is urged that the verdict is excessive, and was unauthorized by the evidence in the case. The evidence is conflicting, and at times confusing; but, considering it as a whole, we are unable to say that the jury did not have evidence before it which justified. the verdict which it returned. The value of the strip of land taken was fixed very high by some of the witnesses. The value of the timber appears to have been fixed exceedingly high by other witnesses. There was evidence offered by appellees tending to show a much greater value of the easement taken than was allowed by the jury. Some of the witnesses claim that the timber had a greater value because there was fire clay under the land, and that the timber was necessary in conducting fire clay operations. Others claimed that the land taken had a much greater value because of fire clay under it. It is argued by appellant that the rights of the owners were not seriously interfered with by reason of the easement, but the taking out of the fire clay undoubtedly would interfere with the easement.

It is suggested that the opinion of witnesses had little value, as they gave no reasons for the opinions stated. It was held in the case of Ky.-Tenn. Light & Power Co. v. Shanklin, 219 Ky. 279, 292 S. W. 790, that the opinion of witnesses who are familiar with land values is competent evidence in cases of this character, but the value of their testimony depends on the facts upon which their opinions are based, and unless based on sufficient facts the probative weight of their testimony is weakened. The witnesses in the case under consideration gave reasons for their opinions, and we are not prepared to say that their reasons were unsound. It is true that much of the timber was small, but the witnesses stated that it had value because of the use to which it could be put in that particular locality. It is also true that the value of the land for farming purposes was not large, but the witnesses stated that it had a very great value by reason of the fire clay that was probably under it. It is urged that there was no evidence that there

would be any damage to the residue of the tract and that the jury awarded $500 in damages to the residue. The company is allowed to keep its right of way free from all obstructions, and that may necessitate the cutting of timber outside of the right of way. It has the right of egress and ingress which may necessitate the going upon the residue of the tract of land.

The evidence of the witnesses, in this case, is stronger than the evidence of witnesses in the case of L. & N. Railroad Co. v. Burnam, 214 Ky. 736, 284 S. W. 391, where it was held that the opinion of the witnesses was not supported by reasons of substance given by them for their opinions.

It is insisted that there is no evidence showing the fair market value of the land immediately before the taking, and the fair market value of the land imme diately after the taking of the easement. There is no direct evidence on this point, but if there was evidence which would enable the jury to reach a conclusion on that point the evidence was sufficient. If the evidence established the value of the rights of the company in the easement and the damage to the residue of the land the jury was enabled to determine from these facts the difference in the value of the land immediately before the taking of the easement and immediately thereafter.

Another ground urged for reversal is that counsel for the appellees was guilty of improper argument to the jury. He said: "If there had been a fair trial of this case before that jury you wouldn't be here, would you? You wouldn't be here if these folks had had one fair trial—but it was necessary after he had gone through that to stand him on his head in the Court of Appeals and come back again and give them a jury with a chance."

Counsel for appellees say that they should not be held responsible for the improper conduct of their counsel if the argument was improper, but we cannot agree to that view of the law. The client must be held responsible for what his attorney does. The question is whether, in view of all the circumstances, the argument was prejudicial. That it was improper is not disputed by counsel for appellees. We cannot approve the argument, although we realize that in a heated trial, stubbornly contested on both sides by able attorneys, remarks are made which would not be made under different circumstances. Such appears to have been the case here.

The statement of counsel, as is apparent on its face, was directed at counsel representing appellant. The remark that it was necessary "to stand him on his head in the Court of Appeals" was rather unbecoming. We do not know just why the argument was made, but it appears to have been in response to some argument advanced by counsel on the other side. We are not of the opinion that the brief statement to which objection was made had any effect on the jury. There is nothing to indicate the result of the former trial found in the statement. That there had been a former trial was clearly indicated, and the jury was told that if that had been a fair trial the present jury would not then be considering the case. We are not inclined to reverse a judgment in long drawn out litigation unless the rights of a party have clearly been prejudiced. There must be something in the record that shows a substantial error. We are unwilling to hold that the improper argument was prejudicial.

The next point is that the verdict of the jury was a chance, or lottery, because it was a quotient verdict. That argument is answered in the recent case of Commonwealth v. Anderson, 228 Ky. 90, 14 S. W. (2d) 392, where it was held that a verdict arrived at in the same manner as it is claimed the verdict was arrived at in this case was not objectionable.

Some objection is made to the admission and rejection of evidence, but we find no prejudicial error in these respects. On the whole case we have reached the conclusion that the judgment should be affirmed.

Judgment affirmed.